[Cite as *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688.]


STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT


| The STATE OF OHIO, | ) | |
| | ) | CASE NO. 09 BE 18 |
| APPELLEE, | ) | |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| KASE, | ) | |
| | ) | |
| APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:    Criminal Appeal from Common Pleas
Court, Case No. 09CR25.


JUDGMENT:    Sentence Reversed.
Remanded for Resentencing.


APPEARANCES:

Christopher M. Berhalter, Belmont County Prosecuting Attorney, and Grace L. Hoffman,
Assistant Prosecuting Attorney, for appellee.

Thomas M. Ryncarz, for appellant.


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  June 3, 2010

DeGenaro, Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court and appellant's brief. Defendant-appellant, Jeffrey Peter Kase, appeals the judgment of the Belmont County Court of Common Pleas convicting him of one count of rape of a child under 13 and sentencing him to life in prison without parole. On appeal, Kase argues that his sentence is clearly and convincingly contrary to law and an abuse of discretion.

{¶ 2} Upon review, we conclude that Kase's sentence was contrary to law. The sentence announced by the trial court during the sentencing hearing, i.e., "a life sentence," was imprecise and differed from the sentence stated in the sentencing entry, i.e., "life without parole." Further, although the trial court properly notified Kase about his sex-offender classification and corresponding duties immediately after it accepted Kase's guilty plea during a Sex Offender Registration and Notification ("SORN") hearing, the trial court's sentencing entry is deficient in that it failed to include a statement that Kase is a Tier III sex offender/child-victim offender pursuant to R.C. 2929.19(B)(4)(a)(v). Accordingly, Kase's sentence is reversed, and this cause is remanded to the trial court for resentencing.

**Facts and Procedural History**

{¶ 3} Kase was accused of raping his nine-year-old stepdaughter, F.B., and as a result was indicted by the Belmont County Grand Jury on February 4, 2009, on one count of rape of a child under 13, a violation of R.C. 2907.02(A)(1)(b). Kase was arraigned and pleaded not guilty, and counsel was appointed.

{¶ 4} On May 18, 2009, Kase agreed to plead guilty to the charge. In exchange for his guilty plea, the state made no sentencing recommendation per se but "agree[d] that a

sentence of 15 years to life is an option available to the Court" and stated that the "plea covers and attached jeopardy to any sexual offenses committed by this defendant against this victim prior to December 26, 2008." A plea hearing was held on May 18, 2009, during which the trial court fully apprised Kase of his rights pursuant to Crim.R. 11(C), and Kase knowingly, voluntarily, and intelligently waived those rights and agreed to plead guilty to the charge.

{¶ 5} After accepting the guilty plea, the trial court proceeded to conduct a hearing during which it notified Kase of his responsibilities as a Tier III sex offender. During this time, Kase also signed a detailed document that explained his duties to register as a Tier III sex offender. The sentencing hearing was continued until June 15, 2009, to allow time for the preparation of a presentence investigation ("PSI"), which Kase had requested.

{¶ 6} During the sentencing hearing, defense counsel urged the court to impose the minimum sentence of 15 years to life in prison. Counsel conceded that Kase's conduct was abhorrent but advocated that Kase was not the "worst of the worst" in terms of sexual offenders. He also claimed that Kase was extremely remorseful. Kase was then permitted to speak in mitigation of sentence, during which time he made an inappropriate comment to the victim. The court found Kase in contempt for that comment and ordered him returned to his holding cell. At the end of the day, after proceeding with the day's docket, the court recalled Kase's sentencing hearing. Defense counsel apologized for Kase's comment and maintained that Kase was sincerely repentant and very much regrets what happened. The victim's mother, Kase's wife, spoke about the severe impact of the crime on the victim and their family. The prosecutor made some brief comments, explaining to

the court that the state's only recommendation in the plea agreement was that there are two sentencing options available: 15 years to life, or life without parole.

{¶ 7}  At the conclusion of the sentencing hearing, the court imposed a sentence as follows:

{¶ 8}  "The Court finds, based upon what has happened in here this morning, that the case is of such severity, and the defendant's conduct indicated to me less than a remorseful attitude or a recognition that what happened was abominable.

{¶ 9}  "The defendant will be sentenced to a life sentence."

{¶ 10}  A judgment entry of sentencing was filed on June 15, 2009, which ordered that Kase serve a sentence of "life without parole."  Kase filed a notice of appeal on July 6, 2009, and filed a merit brief on October 21, 2009.  The state has failed to file a response brief.

{¶ 11}  On November 4, 2009, well after Kase filed a notice of appeal, the trial court sua sponte issued an amended judgment entry of sentencing.  This amended entry did not change Kase's sentence in any way; rather, it merely provided more reasoning as to the court's sentencing decision.  "Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, at ¶9, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162. In other words, "the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment." *Yee v. Erie Cty. Sheriff's Dept.*

(1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354, citing *In re Kurtzhalz* (1943), 141 Ohio St. 432, 48 N.E.2d 657, paragraph two of the syllabus.

{¶ 12} The trial court's amended judgment entry of sentencing did not change the sentence; i.e., it also specified "life without parole." Rather, it provided additional reasoning underlying the court's sentencing decision. As such, the amended entry is not inconsistent with this court's jurisdiction, and we will consider it.

**Sentencing**

{¶ 13} As a preliminary matter, we note that the state has failed to file a brief in this action, and thus pursuant to App.R. 18(C), we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶ 14} Pursuant to the Ohio Supreme Court's decision in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, appellate courts now review felony sentences under a two-prong test. Under the first prong, appellate courts must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at ¶26. To satisfy this prong, the trial court must consider the statutory sentencing factors in R.C. 2929.11 and 2929.12, adhere to all other applicable rules and statutes in imposing the sentence, and impose a sentence that is within the statutory range for the relevant offenses. Id. at ¶13-15. If the sentence is not clearly and convincingly contrary to law, an appellate court must move to the second prong and determine whether the trial

court abused its discretion in its application of the sentencing factors and resulting sentencing determination. Id. at ¶17, 19-20.

{¶ 15} In his first of two assignments of error, Kase asserts:

{¶ 16} "The trial court committed error in imposing the maximum sentence because the Appellant's sentence is clearly and convincingly contrary to law."

{¶ 17} Kase does not contest that his sentence fell within the permissible statutory range, but rather raises several other issues. For ease of analysis, they will be discussed slightly out of order. First, Kase contends that the trial court failed to discuss the R.C. 2929.11 and 2929.12 factors during the sentencing hearing and that his sentence was erroneous for this reason. This argument is meritless because although the trial court did not explicitly cite those sections during the hearing, it did engage in some balancing of the factors contained within those provisions prior to pronouncing the sentence. Specifically, the court stated: "The Court finds, based upon what has happened in here this morning, that the case is of such severity, and the defendant's conduct indicated to me less than a remorseful attitude or a recognition that what happened was abominable." Thus, the court evinced some consideration of the seriousness and recidivism factors during the hearing. Moreover, as Kase concedes, the trial court specifically mentioned that it considered R.C. 2929.11 and 2929.12 in its judgment entry of sentencing.

{¶ 18} And even if the record had been completely silent—which it is not—this court has recently held in *State v. James,* 7th Dist. No. 07 CO 47, 2009-Ohio-4392, that "reversal is not automatic where the sentencing court fails to provide reasons for its sentence or fails to state at sentencing or in a form judgment entry, 'after considering R.C. 2929.11 and

2929.12.' " Id. at ¶50. This court opted to "return to the *Adams* rule that a silent record raises the rebuttable presumption that the sentencing court considered the proper factors." Id. Thus, Kase's first argument is meritless.

{¶ 19} Second, Kase argues that his sentence violates R.C. 2929.13(A), which provides that a felony "sentence shall not impose an unnecessary burden on state or local government resources."

{¶ 20} "Just what constitutes a 'burden' on state resources is undefined by the statute, but the plain language suggests that the costs, both economic and societal, should not outweigh the benefit that the people of the state derive from an offender's incarceration." *State v. Goins*, 7th Dist. No. 06-MA-131, 2008-Ohio-1170, at ¶35, quoting *State v. Vlahopoulos*, 154 Ohio App.3d 450, 2003-Ohio-5070, 797 N.E.2d 580, at ¶5. In addition, "a sentencing court need not elevate resource conservation above the principles and purposes of sentencing. * * * The relevant premise in R.C. 2929.13(A) entails weighing the cost to the government with the benefit that society derives from an offender's incarceration." *State v. Ballard,* 7th Dist. No. 08 CO 13, 2009-Ohio-5472, at ¶92. Further, the trial court is not required to make findings pursuant to R.C 2929.13(A). Id. at ¶91.

{¶ 21} There is no indication that Kase's sentence for rape unduly burdens government resources. Kase committed an egregious crime against his stepdaughter, and both sentencing options before the court involved lengthy prison terms. The fact that the court chose the maximum penalty, i.e., life without parole, as opposed to 15 years to life, does not mean that the sentence places an unnecessary burden on government resources.

{¶ 22} Third, Kase takes issue with the fact that the trial court failed to notify him of his responsibilities as a Tier III sex offender during the sentencing hearing and failed to include a statement in the sentencing entry specifying his sex-offender classification.

{¶ 23} R.C. 2929.19(B)(4)(a) states that "[t]he court shall include in the offender's sentence a statement that the offender is a tier III sex offender/child-victim offender, and the court shall comply with the requirements of section 2950.03 of the Revised Code if any of the following apply: * * * (v) [t]he offender is sentenced to a term of life without parole under division (B) of section 2907.02 of the Revised Code." Since Kase was sentenced to a term of life without parole pursuant to R.C. 2907.02(B), the trial court was required to comply with R.C. 2929.19(B)(4)(a).

{¶ 24} R.C. 2929.19(B)(4)(a) has two components, one of which is that the trial court shall comply with the notification requirements contained in R.C. 2950.03, which are as follows:

{¶ 25} "(A) Each person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense and who has a duty to register pursuant to section 2950.04 or 2950.041 of the Revised Code and each person who is adjudicated a delinquent child for committing a sexually oriented offense or a child-victim oriented offense and who is classified a juvenile offender registrant based on that adjudication shall be provided notice in accordance with this section of the offender's or delinquent child's duties imposed under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code and of the offender's duties to similarly register, provide notice of a change, and verify addresses in another state if the

offender resides, is temporarily domiciled, attends a school or institution of higher education, or is employed in a state other than this state. The following official shall provide the notice required under this division to the specified person at the following time:

{¶ 26} "(2) Regardless of when the person committed the sexually oriented offense or child-victim oriented offense, if the person is an offender who is sentenced on or after January 1, 2008 for any offense, and if division (A)(1) of this section does not apply, the *judge shall provide the notice to the offender at the time of sentencing.*"  (Emphasis added.)  R.C. 2950.03(A)(2).

{¶ 27} Here, the trial court did provide notice of Kase's classification as a Tier III offender and the duties flowing from that classification.  This notification occurred immediately after the court conducted the Crim.R. 11 colloquy and accepted Kase's guilty plea to the rape charge.  During this hearing, which the trial court termed a "SORN hearing," the court advised Kase that based on his conviction for a violation of R.C. 2907.02(A)(1)(b), Kase is classified as a Tier III sex offender.  Kase was advised of all reporting requirements for a Tier III classification, and he acknowledged his understanding of those requirements.  At that time, Kase also signed a written form entitled "Explanation of Duties to Register as a Sex Offender or Child Victim Offender Duties commencing on or After January 1, 2008 (ORC 2950.04 or 2950.041)."  The trial court then granted Kase's request for a PSI and continued the sentencing hearing until June 15, 2009, to allow time for preparation of the PSI.  At the June 15, 2009 hearing, the trial court proceeded to sentence Kase to a term of life in prison without parole.  The court did not reiterate the sex-

offender registration and notification requirements during that hearing, and Kase argues that this constitutes error. We disagree.

**{¶ 28}** R.C. 2950.03(A)(2) requires that notice shall be given "at the time of sentencing." Here, the trial court provided notice during a SORN hearing, which occurred immediately after the court accepted Kase's guilty plea. At that point, the plea proceedings had concluded, and the sentencing proceedings had commenced. The court did not err by failing to re-notify Kase during the June 15, 2009 sentencing hearing.

**{¶ 29}** The second component of R.C. 2929.19(B)(4)(a) mandates that the trial court include a statement of the defendant's sex-offender classification in the judgment entry of sentencing. Here, the trial court erred by failing to include this statement in either the original or the amended sentencing entry.

**{¶ 30}** Third, Kase contends that the sentence specified in the sentencing entry is inconsistent with the sentence stated from the bench during sentencing. "Crim.R. 43(A) provides that the defendant shall be present at every stage of the trial, including at the imposition of sentence. Because the defendant's presence is required when the court imposes sentence, the trial court errs when its judgment entry of sentence differs from the sentence that it announced at the sentencing hearing in the defendant's presence." *State v. Kovach*, 7th Dist. No. 08-MA-125, 2009-Ohio-2892, at ¶28, citing *State v. Jordan*, 10th Dist. No. 05AP-1330, 2006-Ohio-5208, at ¶48.

**{¶ 31}** In this case, the trial court pronounced during the sentencing hearing that Kase would receive a "life sentence." In its judgment entry, the court imposed a sentence of "life without parole." At first blush, these two statements appear to be consistent. The

trial court had two sentencing options: 15 years to life, or life without parole. The court stressed that it believed Kase's crime to be "abominable" and further made no mention of postrelease control. Looking at the sentencing transcript as a whole, it could appear that in imposing a "life sentence," the trial court chose the more severe of the two options, i.e., life without parole.

{¶ 32} Nonetheless, we must conclude based on our precedent that the trial court's use of imprecise language during the sentencing hearing constitutes reversible error. Recent opinions of this court have interpreted Crim.R. 43(A) strictly. For example, in *Kovach*, 2009-Ohio-2892, this court found reversible error when the language in the amended sentencing entry (two years for the third-degree felony and 12 months for the fifth-degree felony, to be served concurrently), differed from what the court stated at the hearing ("a term of two years," with no further specification provided). Id. at ¶29. See also *State v. Allen*, 7th Dist. No. 08-MA-179, 2009-Ohio-2896 (error when trial court ordered sentences to run consecutively in judgment entry but failed to specify concurrent or consecutive at the hearing). In this case, the sentence pronounced at the hearing was imprecise and differed from that in the judgment entry of sentence. This imprecision is material. Both sentencing options provide for a "life sentence," but only one provides the opportunity for parole. Accordingly, Kase's first assignment of error is meritorious.

{¶ 33} In his second and final assignment of error, Kase asserts:

{¶ 34} "The trial court committed error in imposing the maximum sentence because the trial court abused its discretion in imposing said sentence upon the Appellant."

{¶ 35} Since our resolution of the first assignment of error, that Kase's sentence is contrary to law, is dispositive of this appeal, we decline to address Kase's second assignment of error. "If on appeal the trial court's sentence is * * * clearly and convincingly contrary to law, * * * the appellate court's review is at an end." *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶15. Therefore Kase's second assignment of error is moot.

{¶ 36} In conclusion, Kase's first assignment of error is meritorious. Kase's sentence is contrary to law because the sentence announced by the trial court during the sentencing hearing, i.e., "a life sentence," was imprecise and differed from the sentence stated in the sentencing entry, i.e., "life without parole." Further, although the trial court properly notified Kase about his sex-offender classification and corresponding duties immediately after it accepted Kase's guilty plea during a SORN hearing, the trial court's sentencing entry is deficient in that it failed to include a statement that Kase is a Tier III sex offender/child-victim offender pursuant to R.C. 2929.19(B)(4)(a)(v). Accordingly, Kase's sentence is reversed, and this cause is remanded to the trial court for resentencing.

Judgment accordingly.

DONOFRIO and WAITE, JJ., concur.