[Cite as *State v. Baker*, 2012-Ohio-1085.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA5 |
| | : | |
| vs. | : | **Released: March 8, 2012** |
| | : | |
| KYLE S. BAKER, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Susan M. Zurface Daniels, Hillsboro, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for
Appellee.
_____

McFarland, J.:

{¶1} Appellant, Kyle Baker, appeals the judgment of the Highland
County Court of Common Pleas. Appellant pled guilty to one count of sexual
battery. Appellant's appellate counsel has advised this Court that, after
reviewing the record, she cannot find a meritorious claim for appeal. As a
result, Appellant's counsel has moved to withdraw under *Anders v. California*
(1967), 386 U.S. 738, 87 S.Ct. 1396. Although we find no merit to the sole
assignment of error raised by appellate counsel, after independently reviewing
the record, we have found a deficiency in the sentencing entry. Specifically,

the sentencing entry fails to include a statement that Appellant is a tier III /child victim offender, as required by R.C. 2929.19(B)(4)(a)(ii).[1] Accordingly, this matter is remanded for re-sentencing. Further, having found the issue raised by appellate counsel to be wholly frivolous, we hereby grant counsel's motion to withdraw.

## FACTS

**{¶2}** On September 17, 2010, Appellant was indicted on one count of rape, a first degree felony in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition, a third degree felony in violation of R.C. 2907.05(A)(4). Appellant eventually entered into a negotiated plea agreement with the State whereby the State agreed to amend the rape charge and dismiss the gross sexual imposition charge, in exchange for Appellant's agreement to plead guilty to a bill of information charging sexual battery, a second degree felony in violation of R.C. 2907.03(A)(5). Additionally, the bill of information specified that Appellant was acting in loco parentis with respect to the ten year old victim at the time of the offense.

**{¶3}** The trial court held a sentencing hearing on February 14, 2011, where it sentenced Appellant to a prison term of four years and informed Appellant he was classified as a tier III sex offender/child victim offender.

---

[1] In reaching our decision, we apply a former version of R.C. 2929.19, rather than the current version, which did not become effective until September 30, 2011.

The trial court went on to explain Appellant's registration duties related to that classification and further had Appellant complete a form entitled "Explanation of Duties to Register as a Sex Offender or Child Victim Offender." However, the sentencing entry dated February 14, 2011, does not contain a statement regarding Appellant's sexual offender classification. It is from this sentencing entry that Appellant now brings his timely appeal.

## ANDERS BRIEF

{¶4} Appellant's counsel has filed an Anders brief in this action. Under *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, counsel may ask permission to withdraw from a case when counsel has conscientiously examined the record, can discern no meritorious claims for appeal, and has determined the case to be wholly frivolous. Id. at 744; *State v. Adkins*, Gallia App. No. 03CA27, 2004-Ohio-3627, at ¶ 8. Counsel's request to withdraw must be accompanied with a brief identifying anything in the record that could arguably support the client's appeal. *Anders* at 744; *Adkins* at ¶ 8. Further, counsel must provide the defendant with a copy of the brief and allow sufficient time for the defendant to raise any other issues, if the defendant chooses to do so. Id.

{¶5} Once counsel has satisfied these requirements, the appellate court must conduct a full examination of the trial court proceedings to determine if

meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and address the merits of the case without affording the appellant the assistance of counsel. Id. If, however, the court finds the existence of meritorious issues, it must afford the appellant assistance of counsel before deciding the merits of the case. *Anders* at 744; *State v. Duran*, Ross App. No. 06CA2919, 2007-Ohio-2743, at ¶ 7.

{¶6} In the current action, Appellant's counsel concludes the appeal is wholly frivolous and has asked permission to withdraw. Pursuant to *Anders*, counsel has filed a brief raising one potential assignment of error for this court to consider.

## POTENTIAL ASSIGNMENT OF ERROR

"THE SEXUAL OFFENDER CLASSIFICATION SCHEME IS UNCONSTIUTIONAL AND THE TRIAL COURT'S CLASSIFICATION OF APPELLANT AS A TIER III/CHILD VICTIM OFFENDER IS IN VIOLATION OF HIS RIGHT TO DUE PROCESS."

## LEGAL ANALYSIS

{¶7} We agree with Appellant's counsel that an appeal based upon an argument that Ohio's sexual offender classification scheme is unconstitutional, at least with respect to original classifications, would be wholly frivolous. Appellant was sentenced on February 14, 2011, thus, the trial court's "sexual offender" determination was pursuant to the version of R.C. Chapter 2950 which became effective in January 2008, commonly

referred to as the Adam Walsh Act. Appellant contends that the procedure under the Adam Walsh Act, also known as Senate Bill 10, is unconstitutional and violated his right to due process.

{¶8} Initially, we note that the Supreme Court of Ohio has already found certain aspects of the Adam Walsh Act to be unconstitutional. For instance, in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the Court held that, to the extent that R.C. 2950.031 and 2950.032 allowed the executive branch to change the status of a sexual offender who has already been the subject of a judicial determination, the provisions of the new act violated the separation-of-powers doctrine. To be more specific, the Supreme Court concluded that, once an offender's classification had been set through a judicial determination, the executive branch did not have the authority to "review" such a ruling based upon a new standard. Id. at paragraph three of the syllabus; see also, *State v. Stewart*, Ashtabula App No. 2010-A-0026, 2011-Ohio-2582 at ¶ 11.

{¶9} However, as noted in *Stewart*, "the *Bodyke* analysis was specifically limited to those parts of the Adam Walsh Act involving the re-classification of a convicted offender; i.e., the Supreme Court did not strike down the entire new statutory scheme. Therefore, it has been held that *Bodyke* has no application when a trial court's initial determination concerning the

defendant's classification was made after January 1, 2008, the effective date of the new act." Id. at ¶ 12; citing *State v. Williams*, Montgomery App. No. 22574, 2010-Ohio-3537, at ¶ 14. As a result of the limited scope of *Bodyke*, "Ohio appellate courts have continued to follow their prior legal analyses regarding the general constitutionality of the Adam Walsh Act, as applied to a defendant who was not sentenced until after the act's effective date." *Stewart* at ¶ 12; citing *State v. Cassell*, Clark App. No. 09CA0064, 2011-Ohio-23.

{¶10} This Court recently considered a similar argument, albeit in a juvenile arena, in *In re C.P.*, Athens App. No. 09CA41, 2010-Ohio-1484. In *In re C.P.*, the appellant challenged his classification as a tier III juvenile offender registrant and its required community notification and registration, as imposed by R.C. 2152.86, the juvenile counterpart to R.C. 2950. Despite the appellant's due process and equal protection challenges to the classification scheme and registry requirements, we found no unconstitutional denial of procedural or substantive due process.

{¶11} Thus, pursuant to *Stewart*, as well as our reasoning in *In re C.P.*, we conclude that Appellant has not demonstrated that the Adam Walsh Act is unconstitutional or has deprived him of his right to due process. As such, we conclude that the potential assignment of error advanced by appellate counsel is wholly without merit. However, after conducting our own independent

review of the record, we have identified a deficiency in the sentencing entry related to Appellant's sexual offender classification.  Specifically, although the trial court properly informed Appellant of his sexual offender classification during the sentencing hearing and had Appellant complete a form regarding his registration requirements, the trial court did not include a statement regarding Appellant's sexual offender classification in the sentencing entry.

R.C. 2929.19(B)(4)(a) states as follows:

"The court shall include in the offender's sentence a statement that the offender is a tier III sex offender/child-victim offender, and the court shall comply with the requirements of section 2950.03 of the Revised Code if any of the following apply:

* * *

(ii) The offender is being sentenced for a sexually oriented offense that the offender committed on or after January 1, 1997, and the offender is a tier III sex offender/child-victim offender relative to that offense."

As Appellant was being sentenced for sexual battery with regard to a ten year old victim, the trial court was required to comply with R.C. 2929.19(B)(4)(a).

{¶12}  As indicated above, R.C. 2929.19(B)(4)(a) has two components, the first of which is that the trial court shall comply with the notification requirements contained in R.C. 2950.03.  *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990 at ¶ 25.  The relevant portions of R.C. 2950.03 provide as follows:

"(A) Each person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense and who has a duty to register pursuant to section 2950.04 or 2950.041 of the Revised Code and each person who is adjudicated a delinquent child for committing a sexually oriented offense or a child-victim oriented offense and who is classified a juvenile offender registrant based on that adjudication shall be provided notice in accordance with this section of the offender's or delinquent child's duties imposed under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code and of the offender's duties to similarly register, provide notice of a change, and verify addresses in another state if the offender resides, is temporarily domiciled, attends a school or institution of higher education, or is employed in a state other than this state. The following official shall provide the notice required under this division to the specified person at the following time:

* * *

(2) Regardless of when the person committed the sexually oriented offense or child-victim oriented offense, if the person is an offender who is sentenced on or after January 1, 2008 for any offense, and if division (A)(1) of this section does not apply, *the judge shall provide the notice to the offender at the time of sentencing*." (Emphasis added.) R.C. 2950.03(A)(2).

{¶13} R.C. 2950.03(A)(2) requires that notice shall be given "at the time of sentencing." Here, the trial court did provide notice of Appellant's classification as a tier III sex offender as well as the duties flowing from that classification. This notification occurred during the sentencing hearing, just prior to the trial court having Appellant complete and sign a written form entitled "Explanation of Duties to Register as a Sex Offender or Child Victim Offender Duties commencing on or After January 1, 2008 (ORC 2950.04 or 2950.041)." As such, the trial court complied with the first component.

{¶14} The second component of R.C. 2929.19(B)(4)(a) requires that the trial court include a statement of the defendant's sex offender classification in the judgment entry of sentencing. *Kase* at ¶ 29. Here, the trial court erred by failing to include this statement in the sentencing entry. Although the trial court properly notified Appellant about his sex-offender classification and corresponding duties during the sentencing hearing, the trial court's sentencing entry is deficient in that it failed to include a statement that Appellant is a tier III sex offender/child-victim offender pursuant to R.C. 2929.19(B)(4)(a)(ii). Accordingly, this matter is remanded to the trial court for re-sentencing. Further, having found the issue raised by appellate counsel to be wholly frivolous, we hereby grant counsel's motion to withdraw.

**JUDGMENT REMANDED.**

Kline, J., concurring.

{¶15} I concur in judgment and opinion. However, I write separately to note that, in my view, the relevant date for determining whether a defendant can be classified under S.B. 10 (i.e.,. the Adam Walsh Act) is the date of the defendant's conduct, not the date of sentencing or the date of the final appealable order.

{¶16} The Supreme Court of Ohio has held that S.B. 10 (i.e., the Adam Walsh Act), "as applied to defendants who committed sex offenses prior to

its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, syllabus. However, if a sex offense occurred after January 1, 2008 (i.e., the effective date of S.B. 10), then a trial court may classify the defendant under S.B. 10. *See State v. Rucker*, 1st Dist. No. C-110082, 2012-Ohio-185, ¶ 26 ("Because [the defendant] committed a sex offense after the effective date of [S.B. 10's] classification provisions, we hold that the trial court properly classified him under that statute.").

{¶17} Here, the record indicates that Baker committed the acts in question in December 2009, which is well after the January 1, 2008 effective date of S.B. 10. As a result, I conclude that the trial court properly classified Baker under S.B. 10. Thus, the potential assignment of error challenging the constitutionality of Baker's sex offender classification lacks merit.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REMANDED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J.: Concurs in Judgment and Opinion and Judge Kline's concurring Opinion.
Kline, J.: Concurs in Judgment and Opinion with Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge
**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**