[Cite as *State v. Dalton*, 2013-Ohio-5127.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   99661

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM DALTON

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557076

**BEFORE:**   E.A. Gallagher, J., Celebrezze, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**     November 21, 2013

**ATTORNEY FOR APPELLANT**

Kevin M. Cafferkey
2000 Standard Building
1370 Ontario Street
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Blaise D. Thomas
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1}   Defendant-appellant William Dalton appeals the judgment of the Cuyahoga County Court of Common Pleas.   For the following reasons, we affirm in part, reverse in part and remand for correction of Dalton's sentencing journal entry.

{¶2}   A true bill indictment was returned against Dalton charging him with two counts of kidnapping, four counts of rape and one count of felonious assault.   Pursuant to a plea agreement the state amended one count of kidnapping to abduction in violation of R.C. 2905.02 and one count of rape to sexual battery in violation of R.C. 2907.03(A)(1).   Dalton pled guilty to the amended counts and the remaining counts were nolled.   The trial court imposed prison terms of 30 months with respect to the abduction charge and 54 months with respect to the sexual battery charge.   The trial court ordered the prison terms to be served consecutively for a cumulative sentence of 84 months. Dalton timely appealed.

{¶3}   Dalton's first assignment of error states:

The trial court erred and/or abused its discretion when it failed to merge the offenses of abduction in violation of R.C. 2905.02(A)(2) and sexual battery in violation of R.C. 2907.03(A)(1).

{¶4}   Dalton argues that his convictions for abduction and sexual battery constituted allied offenses of similar import and, as such, the trial court committed plain error by failing to merge the offenses at sentencing.   We find Dalton's argument to be without merit.   The record reflects that the court and the parties addressed the issue of

merger at the plea hearing and prior to Dalton entering his guilty pleas.[1] The state represented that the parties agreed that the two counts were not allied offenses and would not merge. Dalton's attorney affirmed this stipulation prior to his plea.

{¶5} This court has previously recognized that a stipulation by the parties is sufficient to resolve the issue of merger. *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, and 98590, 2013-Ohio-3235, ¶ 40-44. In *Rogers*, we explained:

> In the absence of a stipulation or an agreement on which offenses are allied, a guilty plea does not negate the court's mandatory duty to merge allied offenses of similar import at sentencing.
>
> While facts establishing the conduct of the offender offered at the time of a plea may be used to establish that offenses are not allied, a guilty plea alone that does not include a stipulation or a finding that the offenses are not allied offenses of similar import does not conclusively resolve the merger question. (Citation omitted.)

*Id*. at ¶ 40-41.

{¶6} We noted that there are many opportunities to address the allied-offense issue along the path of case resolution including, "a stipulation on what offenses are committed with separate conduct or a distinct animus." *Id*. at ¶ 44.

{¶7} Although the parties did, in fact, enter a stipulation in this case, the trial court went a step further and elicited the basis of the stipulation. The parties explained that the evidence that would have been presented at trial included two separate incidents,

---

[1]We find this practice advisable because it provides clarity to the defendant regarding the nature of the plea agreement and reduces uncertainty for all parties in the process.

one which occurred in Dalton's apartment and another that occurred when he refused to let the victim leave his automobile. Dalton's counsel stated that because of the alleged separate acts the parties had agreed that there would be no merger.

**{¶8}** Dalton's first assignment of error is overruled.

**{¶9}** Dalton's second assignment of error states:

The court erred by failing to include the defendant's sex offender classification in the sentencing journal entry.

**{¶10}** The trial court held an Adam Walsh Act classification hearing and informed Dalton that he would be classified as a Tier III sexual offender pursuant to his guilty plea to the sexual battery charge. At sentencing the trial court noted that Dalton had previously been adjudicated a Tier III sex offender and reiterated his duties as a sex offender. However, the trial court's sentencing entry failed to state that Dalton is a Tier III sex offender.

**{¶11}** R.C. 2929.19(B)(3)(a) requires a trial court to include in an offender's sentence a statement that the offender is a Tier III sex offender. *See, e.g.*, *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990 (7th Dist.).

**{¶12}** Under these circumstances it is appropriate to remand the case to the trial court to correct its sentencing journal entry to accurately reflect Dalton's classification as a Tier III sex offender. *State v. Mahan*, 8th Dist. Cuyahoga No. 95696, 2011-Ohio-5154, ¶ 65.

**{¶13}** Dalton's second assignment of error is sustained.

**{¶14}** The judgment of the trial court is affirmed in part, reversed in part and this

case is   remanded for the trial court to correct the sentencing entry.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR