[Cite as *State v. Spicer*, 2021-Ohio-386.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| RYAN SPICER, | : | Case No. 20CA00013 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Perry County Court
of Common Pleas, Case No.
10CR0078

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      February 10, 2021

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOSEPH A. FLAUTT      KRISTOPHER K. HILL
Prosecuting Attorney      Graham & Graham Co., LPA
Perry County      17 N. Fourth St
111 North High Street      PO Box 340
New Lexington, Ohio 43764      Zanesville, Ohio 43702-0340

*Baldwin, J.*

{¶1}   Appellant, Ryan Spicer, appeals the June 8, 2020 decision of the Perry County Court of Common Pleas denying his Emergency/Expedited Motion to Vacate a Void Sentence and Terminate Duties to Register as a Sex Offender.  Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}   In November 2010, Spicer was accused of committing Sexual Battery, a third-degree felony and a violation of R.C. 2907.03(A)(7). He elected to waive indictment and enter a plea of guilty to a bill of information.  He submitted a written plea on November 10, 2010, the plea was accepted and a pre-sentence investigation was ordered. His written plea contains an acknowledgment that he will be required to register as a Tier III sex offender.

{¶3}   The pre-sentence investigation was completed and Spicer appeared before the court on January 31, 2011 for sentencing.  Presumably as part of the sentencing hearing, Spicer executed a document captioned Explanation of Duties to Register as a Sex Offender, the document was signed by the trial court judge and filed with the court on the day of the sentencing. The trial court sentenced Spicer to a term of one year in prison, post release control of five years and costs of the action, but the entry contains no order compelling Spicer to register as a sex offender.

{¶4}   On April 4, 2011, Spicer was granted judicial release, placed on community control and ordered to complete a sex offender counseling program.  The trial court terminated Spicer's community control on September 19, 2013 and ordered that "all rights and privileges to which the Defendant is entitled are restored."

**{¶5}** Despite not being ordered to register as a sex offender, Spicer filed a motion on February 5, 2020 requesting that the trial court terminate "the Tier III classification and registration portion of his sentence" supported by his argument that such requirement was not properly imposed because it is not contained within the sentencing entry. Appellee opposed the motion and argued that this was an oversight correctable by a nunc pro tunc entry imposing the obligation to register and asked that the court issue such an entry to correct the record.

**{¶6}** The trial court refused the request of both parties. First, the trial court noted that the sentencing entry did not state that Spicer was a Tier III sex offender and that he had completed his sentence. The trial court held that it had no authority to resentence Spicer because he had completed his sentence, so the appellee's request was denied. The trial court denied Spicer's request as well, noting that request sought termination of the "tier III classification and registration portion of the sentence" but there was no such requirement in the sentencing entry.

**{¶7}** Spicer filed a timely appeal and submitted one assignment of error:

**{¶8}** "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO TERMINATE DUTY TO REGISTER AS A SEX OFFENDER."

## ANALYSIS

**{¶9}** Spicer asks this court to find that the trial court erred by not terminating his duty to register as a sex offender but claims that "[t]here is no order in place requiring Appellant to register as a sex offender." We agree that the trial court did not impose a registration obligation, and that Spicer is not now and never was required by the order to

register as a sex offender.  We find that the trial court correctly denied Spicer's motion as there is no duty to register subject to termination.

{¶10} When Spicer plead guilty to a violation of R.C. 2907.03(A)(7), sexual battery, the trial court was obligated by R.C. 2950.01(G)(1)(a) and R.C. 2929.19(B)(3)(a)(ii) to "include in the offender's sentence a statement that the offender is a tier III sex offender/child-victim offender" and to "comply with the requirements of section 2950.03 of the Revised Code." R.C. 2929.19 (B)(3)(a).  Revised Code Section 2950.03 describes the notice that the offender must be provided regarding the obligation to register.

{¶11} The record contains a copy of the notice signed by Spicer at his sentencing hearing, but the entry lacks any reference to Spicer as a Tier III sex offender.  We have no transcript of the hearing, but "[a] trial court speaks through its journal entries" as to sanctions, and not through "'what is said on the record during the sentencing hearing.'" (Citations omitted.) *State v. Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962, ¶ 7, quoting *State v. Halsey,* 2016-Ohio-7990, 74 N.E.3d 915, ¶ 26 (12th Dist.). *State v. Fannon,* 1st Dist. Hamilton No. C-180270, 2019-Ohio-1752, ¶ 4 appeal not allowed,156 Ohio St.3d 1478, 2019-Ohio-3148, 128 N.E.3d 242, ¶ 4 (2019).  The First District has held, and we agree "proper tier classification must be included in the judgment of conviction." (Citations omitted.) *State v. Fannon,* 1st Dist. Hamilton No. C-180270, 2019-Ohio-1752, ¶ 4 appeal not allowed,156 Ohio St.3d 1478, 2019-Ohio-3148, 128 N.E.3d 242 (2019).

{¶12} The Twelfth District addressed similar facts when an appellant "moved the trial court to vacate the sex offender classification portion of his sentence, arguing that

the absence of a sex offender classification in the sentencing entry rendered the classification void. Halsey further argued that the termination of his case divested the trial court of jurisdiction to impose any further sanction upon him." *State v. Halsey*, 12th Dist. No. CA2016-01-001, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 4. The trial court denied the motion and the Twelfth District affirmed the trial court finding that "the October 29, 2009 sentencing entry makes no mention of [Halsey's] Tier III sex offender classification. As a result, the trial court did not err in denying [Halsey's] motion to vacate his Tier III sex offender classification as there was nothing for the trial court to vacate." *State v. Halsey,* 12th Dist. Butler No. CA2014–10–211, 2015-Ohio-3405, 2015 WL 5004894, ¶ 14. (*Halsey I).*

**{¶13}** After the decision in *Halsey I,* the state requested the trial court add the Tier III classification through a nunc pro tunc entry. The trial court denied the request, noticing that the original "entry was silent with regard to Halsey's sex offender classification, as opposed to being merely incorrect, and that Halsey's community control sanction had been successfully terminated." *State v. Halsey,* 12th Dist. No. CA2016-01-001, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 7 (*Halsey II).* On appeal, the Twelfth District found that:

> Several Ohio appellate districts have held that R.C. 2929.19(B)(3) requires inclusion of a Tier III sex offender classification in a sentencing entry and that its omission renders the sentence deficient. See, e.g., *State v. Dalton,* 8th Dist. Cuyahoga No. 99661, 2013-Ohio-5127, 2013 WL 6175124, ¶ 11 ("R.C. 2929.19[B][3][a] requires a trial court to include in an offender's sentence a statement that the offender is a Tier III sex offender");

and *State v. Morgan*, 7th Dist. Mahoning No. 13 MA 126, 2014-Ohio-2625, 2014 WL 2750124, ¶ 20 ("[T]the language of R.C. 2929.19[B][3] requires the tier classification to be contained in the sentencing judgment entry"). Additionally, a sentencing court's oral advisement of a Tier III sex offender classification at the sentencing hearing does not satisfy R.C. 2929.19(B)(3). See *Morgan* at ¶ 20; *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990, ¶ 2 (7th Dist.); and State v. Straley, 4th Dist. Highland No. 12CA3, 2013-Ohio-3334, 2013 WL 3949160, ¶ 17.

*State v. Halsey*, 12th Dist. No. CA2016-01-001, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 13.

**{¶14}** A Tier III classification is punitive and part of the sentence *State v. Williams Holdcroft.*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16 ("Following the enactment of S.B. 10, all doubt has been removed: R.C. Chapter 2950 is punitive"). State v. Halsey, 12th Dist. No. CA2016-01-001, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 18.

**{¶15}** Sexual offender classification requirements are analogous to post-release control requirements in that both impose a duty on the trial court to include their imposition in the sentencing entry. The Supreme Court of Ohio has noted that "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed." *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 16 as quoted in *State v. Halsey,* 12th Dist. No. CA2016-01-001, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 22. We find that the same analysis should be applied to sexual offender classification. If the sentencing entry

contains no reference to sexual offender classification and is not corrected before completion of the prison term for which the classification should have been imposed, classification as a sex offender may not be imposed.

**{¶16}** The Supreme Court of Ohio's recent analysis of the distinction between "void" and "voidable" sentences is applicable in this context as well. The Court found that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *State v. Henderson,* 2020-Ohio-4784 (Ohio) ¶1. In the matter before us the trial court had jurisdiction but failed to include a statutorily mandated term, the Tier III Sexual Offender Classification, rendering the judgment voidable. And, unless corrected on appeal, the judgment has the force of a valid legal judgment and any objection is forfeit. *Id.* at ¶17.

**{¶17}** The appellee in this matter did not pursue an appeal to correct the trial court's omission and the appellant had no incentive to do so. The order of the trial court became a valid legal judgment despite the omission of the mandatory sexual offender classification. Because that classification was not part of the sentence, Spicer was under no obligation to register as a sex offender. Further, because Spicer's sentence does not include a duty to register as a sex offender, the trial court was correct in denying his motion to terminate that duty. Spicer asked the trial court to terminate an obligation that was never imposed, a vain, purposeless and meaningless act that the trial court was correct to refuse. *State ex rel, Marcolin v. Smith*, 105 Ohio St. 570, 603, 138 N.E. 881, 891 (1922).

**{¶18}** While not clearly set out in the record, we assume that Spicer has been registering as a Tier III sex offender under the mistaken assumption that he was required to do so. The trial court's sentencing entry contains no finding that he is a Tier III Sex Offender and does not impose a duty to register. That judgment was not appealed and is final and enforceable, so Spicer was not then and is not now subject to an order to register as a Tier III Sex Offender.  If he did register in the past, that act was purely voluntary and not mandated by the trial court.

**{¶19}** Appellant's assignment of error is denied and the decision of the Perry County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Delaney, J. and

Wise, Earle, J. concur.