[Cite as *State v. Munoz*, 2021-Ohio-3435.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO,                    :        JUDGES:
                                  :        Hon. Craig R. Baldwin, P.J.
        Plaintiff - Appellee      :        Hon. W. Scott Gwin, J.
                                  :        Hon. Earle E. Wise, J.
-vs-                              :
                                  :
RICHARD MUNOZ,                    :        Case No. 2021 CA 00001
                                  :
        Defendant - Appellant     :        O P I N I O N



CHARACTER OF PROCEEDING:                   Appeal from the Licking County
                                           Court of Common Pleas, Case No.
                                           2020 CR 286




JUDGMENT:                                  Affirmed in part, Reversed and
                                           Remanded in part




DATE OF JUDGMENT:                          September 28, 2021




APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

WILLIAM C. HAYES                           JAMES A. ANZELMO
Licking County Prosecutor                  446 Howland Dr.
                                           Gahanna, Ohio 43230
By: PAULA SAWYERS
Assistant Prosecuting Attorney
20 S. Second Street, 4th Floor
Newark, Ohio 43055

*Baldwin, J.*

**{¶1}** Defendant-appellant Richard Munoz appeals his sentence from the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 25, 2020, the Licking County Grand Jury indicted appellant on one count of aggravated possession of controlled substances (oxycodone) in violation of R.C. 2925.11(A)(C)(1)(c), a felony of the second degree, and one count of aggravated trafficking in drugs (oxycodone) in violation of R.C. 2925.03(A)(2)(C)(1)(d), also a felony of the second degree. The indictment also contained two firearm forfeiture specifications and a U.S. currency forfeiture specification. At his arraignment on June 30, 2020, appellant entered a plea of not guilty to the charges.

**{¶3}** Pursuant to an Entry filed on December 8, 2020, at the request of the State, the indictment was amended to aggravated possession of controlled substances (oxycodone) in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree, and one count of aggravated trafficking in drugs (oxycodone) in violation of R.C. 2925.03(A)(2)(C)(1)(a), a felony of the fourth degree. On December 8, 2020, appellant entered a plea of guilty to the amended charges. As memorialized in a Judgment Entry filed on December 8, 2020, the trial court found that the two counts merged for purposes of sentencing and sentenced appellant to 18 months in prison. The trial court also ordered the forfeiture of two firearms and $3,553.96 in U.S. currency to the Central Ohio Drug Enforcement Task Force. Appellant was also fined $5,000.00 and his driving privileges were suspended for three years upon his release from prison. Appellant was not given credit for time served.

{¶4} Appellant now appeals, raising the following assignments of error on appeal:

{¶5} "I. THE TRIAL COURT ERRED BY ORDERING MUNOZ TO PAY A FINE."

{¶6} "II. THE TRIAL COURT ERRED WHEN IT SENTENCED MUNOZ, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

{¶7} "III. MUNOZ RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I THE OHIO CONSTITUTION."

I

{¶8} Appellant, in his first assignment of error, argues that the trial court erred in ordering him to pay a $5,000.00 fine. Appellant argues that the trial court did not take into account his indigent status or his inability to pay the fines now, or in the future, due to his incarceration.

{¶9} R.C. 2929.18(B)(1) establishes a procedure for avoiding imposition of mandatory fines applicable to certain felony drug offenses. That section provides:

{¶10} If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶11} Under Ohio law, a trial court must impose a mandatory fine unless (1) the offender files an affidavit of indigency prior to sentencing, and (2) "the trial court finds that

the offender is an indigent person and is unable to pay the mandatory fines." *State v. Gipson,* 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998).

**{¶12}** However, in this case the fine was not mandatory because the trafficking charge was amended to a felony of the fourth degree. R.C. 2929.18(B)(1) only applies to first, second, or third-degree felonies. Moreover, appellant did not file an affidavit with the trial court prior to sentencing. Therefore, the trial court was not required to consider whether appellant was unable to pay the mandatory fine. Furthermore, at the sentencing hearing, appellant's counsel objected to the fine "given the Defendant's been incarcerated since June," and was indigent." Transcript of December 8, 2020 hearing at 20. However, the trial court, in declining to waive the fine, noted that he did not think that appellant was indigent since appellant did not have court appointed counsel.

We find, therefore, that the trial court did not err in ordering appellant to pay a fine.

**{¶13}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶14}** Appellant, in his second assignment of error, contends that the trial court erred when, in its Judgment Entry, it ordered the forfeiture of currency and firearms. Appellant specifically maintains that while the trial court ordered the forfeitures in its December 8, 2020 Judgment Entry, it did not address the forfeitures at the actual sentencing hearing.

**{¶15}** Crim.R. 43(A) provides the defendant shall be present at every stage of the trial, including at the imposition of sentence. Since a forfeiter hearing is essentially a part of the sentencing stage of the defendant's trial, Crim.R. 43(A) requires the defendant's presence at an oral hearing before a valid forfeiture judgment could be rendered. See

*State v. Sutherlin*, 111 Ohio App.3d 287, 293-294, 676 N.E.2d 127 (1st Dist. 1996). "Because the defendant's presence is required when the court imposes sentence, the trial court errs when its judgment entry of sentence differs from the sentence announced at the sentencing hearing in the defendant's presence. *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990 (7th Dist. Belmont), ¶30.

{¶16} A difference between the sentence pronounced from the bench and the judgment of sentencing at times requires a remand for resentencing. *See, e.g, Kase, supra* (remanded for resentencing where court imposed a life sentence from the bench but life without possibility parole in entry. In other words, "imposition of a sentence in a sentencing judgment entry different than the sentence announced by the court at the time of sentencing violates a defendant's right to be present at sentencing and requires a remand for resentencing[.]" *State v. Williams,* 6th Dist. No. L–11–1084, 2013–Ohio–726, 987 N.E.2d 322, ¶ 49.

{¶17} In the case sub judice, the trial court noted that appellant had pleaded guilty to the forfeiture and found appellant guilty. Appellant's counsel stated to the trial court before sentencing that "there is no dispute regarding the three (forfeiture) specifications." Transcript of December 8, 2020 hearing at 17. However, while the trial court, in its December 8, 2020 Judgment Entry, ordered the forfeiture of the U.S. currency and the two firearms, the trial court never ordered forfeiture of the same on the record. Accordingly, a remand for resentencing is required.

{¶18} Appellant's second assignment of error is, therefore, sustained.

III

{¶19} Appellant, in his third assignment of error, asserts that he received ineffective assistance of trial counsel.

{¶20} Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; *i.e.,* whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* However, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie,* 81 Ohio St.3d 673, 675, 1998-Ohio- 343, 693 N.E.2d 267.

{¶21} Appellant specifically argues that his trial counsel was ineffective in waiving jail time credit. At the sentencing hearing in this case, appellant's counsel informed the trial court that there was an agreement that appellant "should receive no jail time credit towards any sentence imposed in this case." Transcript of December 8, 2020 hearing at 16. When the trial court asked why there was no jail time credit and voiced concerns that he was not sure if jail time credit could be waived, appellant's counsel stated, in relevant

part, as follows: "[W]e did research this issue and you can waive it…. because it's local jail and not prison time, it can be waived." Transcript of December 8, 2020 hearing at 17.

{¶22} "Criminal defendants have a right to jail-time credit." *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 21. R.C. 2967.191(A) states as follows:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i)1 of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶23} However, an agreement as to jail time credit can be part of a negotiated plea. See, for example, *State v. Speakman*, 10th Dist. App. Nos. 08AP-456, 08AP-457, 08AP-458, 2009-Ohio-1184. Moreover, we find that appellant was not prejudiced even

assuming, arguendo, that trial counsel should not have waived jail time credit. As noted by appellee, appellant benefited from this plea negotiation. Appellant originally was indicted on two felonies of the second degree and on both counts, appellant faced a mandatory minimum term of two (2) years with a maximum term of eight (8) years. In exchange for the State agreeing to amend the indictment to felonies of the fourth and fifth degree, appellant agreed that he would receive no credit for time served and that there would be a joint recommendation for the maximum sentence on amended count two. Appellant was then sentenced to 18 months in prison. Appellant cannot show that he was prejudiced in any way by the plea agreement.

{¶24} Appellant's third assignment of error is, therefore, overruled.

{¶25} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed in part and reversed and remanded in part for proceedings consistent with this Opinion.

By: Baldwin, P.J.

Gwin, J. and

Wise, Earle, J. concur.