IN RE DISQUALIFICATION OF RASTATTER.

THE STATE OF OHIO *v.* BOYCE.

[Cite as *In re Disqualification of Rastatter,* 136 Ohio St.3d 1271, 2013-Ohio-4232.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Disqualification of judge not warranted—Affiant failed to substantiate claims of bias or prejudice.*

(No. 13-AP-068—Decided August 12, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Clark County Court of Common Pleas Case No. CR 08-CR-612.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Defendant Ramon Boyce has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Douglas M. Rastatter from presiding over any further proceedings in case No. 08-CR-612, now pending on Boyce's petition for postconviction relief in the Court of Common Pleas of Clark County.

**{¶ 2}** According to Boyce's affidavit, Judge Rastatter has presided over four of Boyce's previous trials, one of which resulted in a "large reversal." Because of this history, Boyce claims that Judge Rastatter has a "predetermined hostile and fixed anticipatory feeling" toward him, and therefore the judge cannot act impartially in any proceeding involving Boyce.

**{¶ 3}** Judge Rastatter has responded in writing to the allegations in Boyce's affidavit, stating that the Ohio State Bar Association summarily dismissed Boyce's grievance against the judge based on these same allegations. The judge further avers that he harbors no resentment or animosity toward Boyce,

that he will review the postconviction petition with objectivity and fairness, and that he will make his decision based solely on the evidence presented and the law.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Rastatter.

{¶ 5} While "[a] defendant's experience before an allegedly biased judge in previous proceedings is an important factor to be weighed in a bias determination," *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 32, Boyce has failed to substantiate his claims that Judge Rastatter's previous conduct is indicative of bias and that the judge continues to harbor a hostile feeling or spirit of ill will against him. *See In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14 (defining "bias or prejudice" as "a hostile feeling or spirit of ill-will * * * with the formation of a fixed anticipatory judgment on the part of the judge").

{¶ 6} First, it is well established that absent a showing of actual bias, "a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties." *In re Disqualification of Aubry*, 117 Ohio St.3d 1245, 2006-Ohio-7231, 884 N.E.2d 1095, ¶ 7. Similarly, in general, "a judge who presided at trial is not disqualified from ruling on a subsequent petition for post-conviction relief." *In re Disqualification of Basinger*, 77 Ohio St.3d 1237, 674 N.E.2d 351 (1996). And finally, bias against a party cannot be presumed merely because a judge was reversed on appeal. *See, e.g.*, *In re Disqualification of Floyd*, 135 Ohio St.3d 1249, 2012-Ohio-6336, 986 N.E.2d 10, ¶ 10 (that a trial judge's decision "was reversed in a critical opinion by the appeals court does not imply that she will be biased against [the appellants] or somehow retaliate against them"). Thus, without evidence of actual bias, the fact that Judge Rastatter has presided over previous cases involving Boyce is not grounds for disqualification.

**{¶ 7}** Second, Boyce claims that in these previous proceedings, Judge Rastatter made "biased comments" against him, insulted him, and even disrespected his mother, but Boyce has not submitted any examples of these alleged comments. In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit specific allegations of bias or prejudice, *see* R.C. 2701.03(B)(1), and an affiant is generally "required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. Here, Boyce not only failed to set forth any specific examples of the judge's allegedly disparaging comments, but he also failed to submit a transcript or other evidence supporting these allegations. As a result, there is no way to determine whether Judge Rastatter made the comments or whether they reflect bias or prejudice against Boyce. On this record, Boyce's vague and unsubstantiated allegations are insufficient for a finding of bias. *See In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

**{¶ 8}** Finally, the majority of the remaining allegations in Boyce's affidavit are dedicated to criticizing Judge Rastatter's previous legal rulings. An affidavit of disqualification, however, is not the mechanism for determining whether a judge has complied with the law, and it is well settled that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Procedures exist by which appellate courts may review and, if necessary, correct any legal errors. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6. Here, Boyce has failed to indicate whether any of these issues were even raised in his appeals. Without more, Judge Rastatter's various adverse legal rulings against Boyce cannot be evidence of bias or prejudice.

**{¶ 9}** "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Because of the lack of supporting evidence in Boyce's affidavit—and the judge's pledge to hear the pending motion fairly and impartially—those presumptions have not been overcome in this case.

**{¶ 10}** For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Rastatter.

————————————