[Cite as *State v. Boyd*, 2014-Ohio-1081.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100225**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROSCOE BOYD

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-563247

**BEFORE:** Kilbane, P.J., Blackmon, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 20, 2014
**ATTORNEY FOR APPELLANT**

John H. Lawson
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Ronni Ducoff
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

**{¶1}** Defendant-appellant, Roscoe Boyd, appeals from his guilty plea and the sentence imposed in connection with his convictions for sexual battery, abduction, and gross sexual imposition. Through counsel, he assigns the following errors for our review:

I.      The trial court denied Appellant due process of law and violated Crim.R. 11(C)(2)(c) by failing to conduct a colloquy with Appellant prior to accepting his guilty plea from which the trial court could determine that Appellant understood that by entering a guilty plea he was waiving his constitutional rights to confront the witnesses against him, have compulsory process for obtaining witnesses in his favor, to require the state to prove his guilt beyond a reasonable doubt, and to refuse to be a witness against himself.

II.     The trial court erred by failing to attach the "explanation of duty to register as a sex offender" to the nunc pro tunc order dated January 16, 2013.

**{¶2}** Defendant also raises pro se assignments of error in which he contends that the bail ordered by the trial court was excessive, that there was a lack of proof that he committed the offenses, that the trial court was biased against him, and that his trial counsel was ineffective.

**{¶3}** Having reviewed the record and the controlling case law, we affirm the convictions; however, we conclude that the sentencing journal entry does not properly reflect the sentence announced in open court, and therefore, we reverse and remand for resentencing.

**{¶4}** On June 27, 2012, defendant was indicted pursuant to a seven-count indictment in connection with the alleged sexual abuse of a child who is less than 13 years old from 2008 to 2012. Count 1 charged him with rape and contained a

furthermore specification alleging that the victim was less than ten years old at the time of the offense. Count 2 charged him with kidnapping with a sexual motivation specification. Count 3 charged him with disseminating matter harmful to juveniles, with a furthermore clause alleging that the juvenile was under the age of 13. Counts 4-7 charged defendant with gross sexual imposition.

{¶5} Defendant pled not guilty to the charges. He subsequently reached a plea agreement with the state, and on October 10, 2012, he pled guilty to sexual battery, (a lesser charge of Count 1), abduction with a sexual motivation specification (a lesser charge of Count 2), and one count of gross sexual imposition. The remaining charges were dismissed.

{¶6} On November 13, 2012, the trial court sentenced defendant. The court determined that the sexual battery and abduction convictions would merge for purposes of sentencing, and the state elected to proceed to sentencing for battery, a Tier III offense. (Tr. 33.) In open court, the judge stated that defendant would serve a total of eight years, which included five years for abduction and three years for gross sexual imposition. (Tr. 40.) In the journal entry of the same date, the trial court sentenced defendant to a total of eight years of imprisonment and five years of postrelease control sanctions, but because of a clerical error, incorrectly provided that a five-year sentence for abduction and eight-year sentence for gross sexual imposition were to run consecutively. This entry indicated that defendant had been advised of the Tier III reporting requirements, and the

Explanation of Reporting Requirements form required by R.C. 2950.03 was attached to the sentencing entry.

{¶7} On November 30, 2012, the trial court later issued a nunc pro tunc order. The nunc pro tunc order provided that the court was proceeding to sentencing on the abduction and gross sexual imposition convictions and that the two terms would run concurrently. This entry again set forth an eight-year sentence for gross sexual imposition and again indicated that defendant had been advised of the Tier III reporting requirements; however, the Explanation of Reporting Requirements form was not attached to the sentencing entry.

{¶8} On January 16, 2013, the court issued a second nunc pro tunc order that restated the sentence announced in open court, i.e., a total prison term of eight years, which included five years for abduction, consecutive to three years for gross sexual imposition. This entry indicated that defendant had been advised of the Tier III reporting requirements, but the Explanation of Reporting Requirements form was not attached to the sentencing entry.

### Crim.R. 11

{¶9} In considering whether a guilty plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review. *State v. Siler*, 11th Dist. Ashtabula No. 2010-A-0025, 2011-Ohio-2326, ¶ 12.

{¶10} Crim.R. 11(C)(2) governs guilty pleas and provides:

In felony cases, the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶11} In order to determine whether a criminal defendant knowingly, intelligently, and voluntarily entered a plea, we review the record to determine whether the trial court adequately advised the defendant of his constitutional and nonconstitutional rights set forth in Crim.R. 11(C). *State v. Nero,* 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

### Constitutional Rights

{¶12} The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *State v. Stewart*, 51 Ohio St.2d 86, 88-89,

364 N.E.2d 1163 (1977); *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), at paragraph one of the syllabus. "Strict compliance" does not require an exact recitation of the precise language of the rule, but instead focuses on whether the trial court explained or referred to the right in a manner reasonably intelligible to that defendant. *Id*.

{¶13} Also with regard to the trial court's duty to explain the defendant's constitutional rights, the court must require that the defendant be advised of the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *Veney* at ¶ 18. The court must determine that the defendant understands that by the plea the defendant is waiving the rights to a jury trial and to confront witnesses. *Id*. Nonetheless, "the trial court is not required to stop after each right and ask the defendant whether he understands the right and knows that by pleading guilty, he is effecting a waiver of it." *Ballard* at 479-480; *State v. Compton*, 11th Dist. Lake No. 97-L-010, 1998 Ohio App. LEXIS 6361 (Dec. 31, 1998).

{¶14} In this matter, the trial court's colloquy provided:

THE COURT: You have fine counsel, so I'm confident that he has carefully gone over your trial rights and your Constitutional rights. Mr. Boyd, I'm going to independently go over your rights and make sure that you understand them. If you have any questions about your rights or anything that I say, will you let me know that?

THE DEFENDANT: Yes, I will, sir.

THE COURT:   Mr. Boyd, do you understand you have an absolute right to go to trial and have your case decided by either a judge or jury; do you understand that?

THE DEFENDANT:   Yes, sir.

THE COURT:   Do you understand a jury would be 12 people and they all would have to agree upon your guilt for you to get a conviction; do you understand that?

THE DEFENDANT:   Yes, sir.

THE COURT:   Do you understand that you have a right to have an attorney represent you at trial, if you cannot afford an attorney one will be appointed to represent you at no cost; do you understand that?

THE DEFENDANT:   Yes, sir.

THE COURT:   Mr. Boyd, do you understand that at trial you don't have to prove anything because the burden of proof is on the State of Ohio.   The State of Ohio must prove your guilt beyond a reasonable doubt on each and every element of the charges against you; do you understand that?

THE DEFENDANT:   Yes, sir.

THE COURT:   Do you understand that you have a right to confront the witnesses that accuse you and to cross-examine them at trial through your attorney?

THE DEFENDANT:   Yes, sir.

THE COURT:   Do you understand at trial you would be entitled to present a defense, you could call witnesses on your behalf, and we could force the participation of those witnesses at trial through the Court's subpoena power; do you understand that?

THE DEFENDANT:   Yes, sir.

THE COURT:   Do you understand at trial you could choose not to testify in your own defense.   If you chose not to testify and you remained silent, your silence cannot be used against you in any way; do you understand that?

THE DEFENDANT:   Yes, sir.

**{¶15}** From the foregoing, the record clearly indicates that the court tracked the language of Crim.R. 11(C), using words reasonably intelligible to defendant, and that defendant repeatedly indicated that he understood his rights.   The record therefore demonstrates that the trial court met its duty of strict compliance as it properly explained defendant's constitutional rights and that defendant understood the rights that he was waiving.   The plea was knowingly, voluntarily, and intelligently made.

**{¶16}** The first assignment of error advanced by counsel is without merit.

**Failure to Include Copy of the Explanation of Reporting Requirements**

**{¶17}** R.C. 2929.19(B) sets forth the notification requirements for individuals who are sentenced to Tier III sex offenses.   Under this statute, a trial court must, at the time of sentencing, comply with the notification requirements contained in R.C. 2950.03.   *State v. Baker*, 4th Dist. Highland No. 11CA5, 2012-Ohio-1085, ¶ 14, citing *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990, ¶ 25 (7th Dist.).   In addition, the trial court must include a statement of the defendant's sex offender classification in the judgment entry of sentencing.   *Kase* at ¶ 29.   Under R.C. 2950.03, the defendant must "read and sign" a form setting forth the proper notice.   In accordance with R.C. 2950.03(B)(3), after the offender has signed the form, the judge must certify on the form that he or she explained the reporting requirements to the offender and the offender has indicated an understanding of those duties.   As explained in *State v. Mack*, 1st Dist. Hamilton No. C-050968, 2006-Ohio-6284,

[t]he required notice is detailed.  The court must provide Mack with the notice on a form prescribed by the bureau of criminal identification and investigation.  It must have Mack read and sign the form or, if Mack cannot read, explain the contents of the form to him and certify that he has indicated an understanding of his duties.  The court is then required to give a copy of the form to Mack and to send a copy to the bureau of criminal identification and investigation and the sheriff.  *Id.* at ¶ 20 (internal citations omitted).

*Accord State v. Sheriff*, 3d Dist. Logan No. 8-08-4, 2008-Ohio-5192.

**{¶18}** In this matter, the form was not provided when the nunc pro tunc orders were issued.

**{¶19}**  The record demonstrates that in open court the trial court provided notice of defendant's classification as a Tier III sex offender and the duties flowing from that classification as follows:

THE COURT:  All right.  Now, do you also understand that — it's my understanding that count 1, sexual battery, by pleading guilty to that offense, you will automatically be classified as a Tier III sex or child victim offender; do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  Now for the gross sexual imposition, you would automatically be classified as a Tier II, but Tier III is worse, so I'm going to give you the rights and requirements under Tier III because that's the most extreme classification; do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right. Now, and in addition to any penalty that's imposed by this Court, you'll be required to immediately register with the sheriff of the county in which you reside and must verify your registration in person every 90 days for the rest of your life;
do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:   You will also be required to notify the sheriff of the counties in which you reside of any change in your resident address or school or institution of higher education at least 20 days in advance of the change and within three days after changing jobs; do you understand that?

THE DEFENDANT:   Yes, I do, sir.

THE COURT:   Now with respect to the Tier II, I'm just going to give you that information because you need that information since there are different — you'll be both and so it might change how often you have to register, but for Tier II offenders you must register every six months for 25 years; do you understand that?

THE DEFENDANT:   Yes, I do.

THE COURT:   Now, as a Tier III and II offender the information such as your name, photo, resident address, place of employment address, your school address and your offense designation will be listed on an internet sex offender and child victim offender database which will be available to the public, and that members of the public may request e-mail notification from the sheriff if you move to within one mile of a selected address; do you understand that?

THE DEFENDANT:   Yes, I do, sir.

THE COURT:   Finally, if you fail to register or verify your registration as required by law, you'll be subject at a minimum to a prison sentence of 6 to 18 months; do you understand that?

THE DEFENDANT:   Yes, sir.

{¶20}  In the November 13, 2012 journal entry, the trial court attached the completed "Explanation of Duties to Register as a Sex Offender or Child Victim Offender Duties."  However, with regard to the merger of offenses, the November 30, 2012 and January 16, 2013 nunc pro tunc journal entries fail to properly indicate that the state elected to proceed on the sexual battery charge and instead erroneously indicate that the

state elected to proceed on the charge of abduction with a sexual motivation specification. (Tr. 33.)

**{¶21}** Moreover, this error constitutes plain error, since the trial court imposed the Tier III reporting requirements for sexual battery, R.C. 2950.01(G)(1)(a), but the other offenses carry Tier II reporting requirements  (gross sexual imposition in violation of R.C. 2907.05(A)(4) is a Tier II offense under R.C. 2950.01(F)(1)(c)), (abduction in violation of R.C. 2905.02(A)(1) is a Tier II offense under R.C. 2950.01(F)(1)(f)). Further, a nunc pro tunc order may only be employed to supply clerical omissions in the exercise of its functions and may not be used to show what the court might or should have decided or intended to decide. *State v. Straley*, 4th Dist. Highland No. 12CA3, 2013-Ohio-3334.

**{¶22}** The second assignment of error advanced by counsel is well taken. Therefore, we reverse and remand for resentencing.

## Excessive Bail[1]

**{¶23}** In *Russell v. McFaul*, 8th Dist. Cuyahoga No. 82548, 2003-Ohio-1970, this court considered a $500,000 bond imposed where the prisoner faced charges of rape of a child under the age of 13 with force specifications, felonious sexual penetration, attempted rape, gross sexual imposition, and kidnapping.  Following a hearing on defendant's motion to reduce bond, the trial court continued the $500,000 bond.  In

---

[1] In *Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5,  the Ohio Supreme Court held that a challenge to an order requiring cash only bail was reviewable on appeal.

refusing to grant a writ of habeas corpus, this court concluded that the trial court did not err in setting the $500,000 bond because the court was to consider all relevant information, including but not limited to the nature and circumstances of the offense, the weight of the evidence, the accused's history of flight or failure to appear, his ties to the community, his character, and mental condition. Defendant did not challenge the bond order, and in light of the extreme seriousness of the charges and the lack of any other relevant information, we presume regularity.

{¶24} Defendant's first pro se assignment of error is without merit.

## Insufficient Proof

{¶25} In accordance with Crim.R. 11(B)(1), a guilty plea is a complete admission of guilt. Therefore, by entering a guilty plea, defendant has waived the requirement that the state prove his guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c). The guilty plea itself provides all the necessary proof of the elements of the offense and is sufficient evidence to support the conviction. *State v. Stroub*, 3d Dist. Wyandot No. 16-10-02, 2011-Ohio-169.

{¶26} Defendant's second pro se assignment of error is without merit.

## Bias of the Court

{¶27} Judicial bias is a hostile feeling or spirit of ill-will, wherein the judge has formed a fixed anticipatory judgment. *State v. Boyce*, 136 Ohio St.3d 1271, 2013-Ohio-4232, 996 N.E.2d 938, ¶ 5. Due process requires that a criminal defendant be tried before an impartial judge. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128,

767 N.E.2d 166, ¶ 34. If the record indicates that the trial was affected by judicial bias, the remedy is a new trial. *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 2.

{¶28} Here, the record fails to support defendant's claim of judicial bias. There is no evidence of hostility or ill-will toward defendant, no evidence of friendship or favoritism toward the state, and no evidence that the court had a fixed anticipatory judgment. Rather, the court was neutral and dispatched its duties in a nonpartisan manner.

{¶29} Defendant's third pro se assignment of error is without merit.

### Ineffective assistance of Counsel

{¶30} In order to establish deficient performance, it must be shown that, under the totality of the circumstances, counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d (1984). A court "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id*. at 689. Debatable trial tactics and strategies generally do not constitute deficient performance. *State v. Phillips*, 74 Ohio St.3d 72, 85, 1995-Ohio-171, 656 N.E.2d 643.

{¶31} In order to establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* at 688. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id*.

**{¶32}** Within defendant's pro se assignments of error, he has failed to delineate counsel's claimed error and has also failed to establish prejudice.

**{¶33}** Defendant's fourth pro se assignment of error is therefore without merit.

**{¶34}** Convictions affirmed, sentence reversed, and remanded for resentencing.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
MELODY J. STEWART, J., CONCUR