[Cite as *State v. Whetstone*, 2016-Ohio-151.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                        Court of Appeals No. S-15-009

     Appellee                                  Trial Court No. 14 CR 379

v.

Kirk R. Whetstone                                **DECISION AND JUDGMENT**

     Appellant                                 Decided:  January 15, 2016

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and
Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 4, 2015 judgment of the Sandusky County

Court of Common Pleas, which sentenced appellant to three consecutive 12-month terms

of incarceration following appellant's guilty plea to three counts of forgery, in violation

of R.C. 2913.31(A)(2), felonies of the fifth degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Kirk Whetstone, sets forth the following assignment of error:

The trial court erred in imposing consecutive sentences without proper findings.

{¶ 3} The following undisputed facts are relevant to this appeal. On January 23, 2014, appellant's vehicle was stopped by the Ohio State Highway Patrol on the Ohio Turnpike while traveling 86 m.p.h., 16 m.p.h. in excess of the posted speed limit of 70 m.p.h.

{¶ 4} In the course of the investigation following the traffic stop, the trooper discovered that appellant was in possession of marijuana and a significant volume of forged visa gift cards. On May 27, 2014, appellant was indicted on 25 counts of forgery, in violation of R.C. 2913.31(A)(2), felonies of the fifth degree, and 25 counts of possession of criminal tools, in violation of R.C. 2923.24(A), felonies of the fifth degree.

{¶ 5} On November 4, 2014, with the multiple above-described felony charges pending against him, appellant was once again stopped by the Ohio State Highway Patrol on the Ohio Turnpike and once again found to be in possession of marijuana, a large amount of cash, and an additional 15 forged visa gift cards.

{¶ 6} On January 8, 2015, appellant entered guilty pleas to three counts of forgery, in violation of R.C. 2913.31(A)(2), felonies of the fifth degree. In exchange, the remaining 47 pending felony charges against appellant were dismissed. A presentence

2.

investigation report was ordered. On March 4, 2015, appellant was sentenced to serve three consecutive 12-month terms of incarceration. This appeal ensued.

{¶ 7} In the sole assignment of error, appellant contends that the trial court did not make the requisite statutory findings necessary to impose consecutive sentences. We do not concur.

{¶ 8} It is well-established that Ohio felony criminal sentencing appellate review is governed by R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) establishes that an appellate court may increase, reduce, modify, or vacate and remand a disputed felony sentence if it clearly and convincingly finds that either the disputed sentence is contrary to law or if it finds that the disputed sentence was based upon required statutory findings not supported by the record. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-1081, ¶ 11.

{¶ 9} In support of the assignment of error, appellant states, "[T]he trial court made no findings required for consecutive sentences at the sentencing hearing." An examination of the full transcript of the sentencing hearing in this matter does not bear out this assertion.

{¶ 10} Our review of this matter reveals that R.C. 2929.14(C)(4) is applicable to the instant case due to multiple consecutive prison terms being imposed for multiple offenses. R.C. 2929.14(C)(4) establishes:

(4) If multiple prison terms are imposed on an offender for convictions on multiple offenses, the court may require the offender to

serve the prison term consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 11}** Contrary to appellant's assertion that the trial court, "[M]ade no findings required for consecutive sentences at the sentencing hearing," prior to the imposition of the consecutive sentences, our review of the sentencing transcript reveals that the trial

court thoroughly and properly made the findings necessary for the imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4).

{¶ 12} At sentencing, the trial court stated in detail:

[T]he incident offense, forgeries; marijuana in January 2014, yeah; presently an investigation pending down in Alabama for a similar offense regarding these credit cards. Also note from the narrative here that you were also stopped in November 2014 on the Ohio Turnpike and 15 of these green cards were found on your person; in fact, they were discovered in your sock, and you were also alleged to have been smoking marijuana.

Of course, my job is to attempt to protect the public from future crime and to impose an appropriate punishment; three Felony 5's, each up to a year.

I'll tell you what really disappoints me is, you've got a -- graduated from high school. You've got some college under your belt. If you're being truthful, then your (sic) close to an Associate's Degree in business, and then your engaging in this criminal activity, trying to achieve something from nothing. I guess you do have -- I don't know if it's courage or you're being used by somebody else, I don't know but I take particular offense that twice since you were arrested on these charges, you have engaged in -- allegedly engaged in the same activity * * * [T]here is a great cost to society, and I'm not going to tolerate it. The fact that you

5.

while on -- out on bond were engaging in what appears to be criminal activity justifies the sentence that I am about to announce.

{¶ 13} Accordingly, as demonstrated by the above portions of the transcript of the sentencing hearing, the trial court clearly found that consecutive sentences were necessary to protect the public based upon appellant's commission of additional similar felony offenses while out on bond awaiting sentencing on earlier felony offenses. The trial court delineated a course of conduct by appellant serious enough such that a single prison term would not adequately reflect the seriousness of it. The trial court also found a history of criminal conduct by appellant necessitating consecutive sentences to protect the public. The record reflects that the trial court not only made the minimal required statutory findings for consecutive sentences; rather, the trial court found the presence of all of the possible R.C. 2929.14(C)(4) statutory findings in support of consecutive sentences applicable to this case. Accordingly, we find appellant's assignment of error claiming no findings whatsoever were made to be not well-taken.

{¶ 14} Wherefore, the judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
                                                                    JUDGE

Thomas J. Osowik, J. _____

_____
James D. Jensen, P.J. _____             JUDGE
CONCUR.

_____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.

7.