[Cite as *State v. Morgan*, 2014-Ohio-2625.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   13 MA 126 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| RONALD MORGAN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 12CR282.


JUDGMENT:                        Affirmed in part; Reversed in part and
                                 Remanded.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio  44503


For Defendant-Appellant:         Attorney John Falgiani, Jr.
                                 8872 Market Street
                                 P.O. Box 8533
                                 Warren, Ohio  44484


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


                                                 Dated:  June 13, 2014

VUKOVICH, J.

{¶1} Defendant-appellant Ronald Morgan appeals the decision of the Mahoning County Common Pleas Court that sentenced him to an aggregate term of seven years for his convictions of rape and attempted rape. Morgan was labeled a Tier III sex offender. Three issues are raised in this appeal. The first is whether the trial court abused its discretion in issuing a seven year sentence rather than issuing the minimum sentence allowable by law. The second issue is whether the sentence placed an unnecessary burden on the state. The third issue is whether the trial court failed to comply with R.C. 2929.19(B)(3) by failing to state in the judgment entry that Morgan is a Tier III sex offender. This argument is based on the "Judgment Entry and Notice of Duties to Register as a Sex Offender or a Child Victim Offender" (hereafter referred to as Notice Judgment Entry) that marked both the Tier I and Tier III offender categories and contains other discrepancies.

{¶2} For the reasons expressed below, the trial court's decision is affirmed in part, reversed in part and remanded. The aggregate sentence of seven years was not an abuse of discretion and did not place an unnecessary burden on the state, thus that portion of the decision is affirmed. However, due to the deficiencies in the Notice Judgment Entry, the sexual offender classification is reversed and the matter is remanded for further proceedings.

Statement of the Case

{¶3} In March 2012, Morgan was indicted for one count of rape, a violation of R.C. 2907.02(A)(2)(B), a first-degree felony; one count of attempted rape, a violation of R.C. 2907.02(A)(2)(B) and R.C. 2923.02(A), a second-degree felony; and two counts of gross sexual imposition, violations of R.C. 2907.05(A)(1)(C), fourth-degree felonies.

{¶4} Morgan originally entered a not guilty plea. However, after negotiations, he changed his plea to an *Alford* plea to the rape and attempted rape charges. The state then dismissed the two gross sexual imposition charges.

{¶5} After a plea colloquy, the trial court accepted the plea, found Morgan guilty, ordered a presentence investigation and set sentencing for a later date.

{¶6} The sentencing hearing was held on July 11, 2013. Following statements by the state, defense counsel, and Morgan, the trial court issued an aggregate seven year sentence. The trial court sentenced Morgan to seven years on the rape conviction and five years on the attempted rape conviction. The court then ordered those sentences to run concurrent to each other. The trial court then orally indicated that Morgan would be classified as a Tier III sex offender and proceeded to inform him of his registration duties and what would happen if he failed to abide by those duties. 07/11/13 Sentencing Tr. 12-14. The court then asked if he understood those advisements, to which Morgan responded that he did. 07/11/13 Sentencing Tr. 12-14. Morgan also acknowledged at that time that his signature is on the Notice Judgment Entry. 07/11/13 Sentencing Tr. 14. Morgan timely appeals from his sentence.

<u>First Assignment of Error</u>

{¶7} "The trial court erred and abused its discretion in sentencing Defendant to a term in excess of the statutory minimums for the offenses."

{¶8} Recently, we have explained that we are still employing the felony sentencing standard of review as set forth in *Kalish*. *State v. Hill*, 7th Dist. No. 13MA1, 2014-Ohio-919, ¶ 20. Thus, our review is a two-step approach. First, we examine the sentence to determine if it is "clearly and convincingly contrary to law." *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 26. In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 13–14. If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. *Id.* at ¶ 17. Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 17.

{¶9} Morgan's first argument is that even though the aggregate seven year sentence is within the range allowable by law, the trial court abused its discretion in ordering a non-minimum sentence.

{¶10} In determining the appropriate sentence, the court is to consider the principles and purposes of sentencing espoused in R.C. 2929.11 and the seriousness

and recidivism factors in R.C. 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, ¶ 38. That said, the Ohio Revised Code does not mandate that the sentencing judge use specific language or make specific findings on the record when considering these statutes. *State v. Arnett,* 88 Ohio St.3d 208, 215 (2000); R.C. 2929.12.

{¶11} Here, both the transcript and the judgment entry indicates that the trial court considered the record, presentence investigation report (PSI), the purposes and principles of sentencing espoused in R.C. 2929.11, and the seriousness and recidivism factors listed in R.C. 2929.12. 08/05/13 J.E.; 07/11/13 Sentencing Tr. 10.

{¶12} Morgan asserts that when weighing the appropriate factors and the purposes and principles of sentencing, the trial court abused its discretion in ordering a non-minimum sentence. The record discloses that at the time of the offense, the victim was 13 years old and Morgan was 37 years old. Morgan allegedly had the victim perform oral sex on him and attempted to have vaginal intercourse with the victim. The conduct occurred on New Year's Day in the early morning hours and Morgan was drunk. Morgan was allegedly babysitting the victim and his two nieces at the time of the offense. Morgan's statement at sentencing was that he understood why everybody was concerned about the alleged incident and the need to discover what really happened, however, he maintained that he did not engage in sexual conduct with the victim. He indicated that in her statement she admitted that he told her that they could not have sex until she was 18. He then stated it was illogical to conclude that he would then force the victim to engage in sexual conduct. The record also reveals that Morgan does have a criminal record. His record mostly consists of traffic offenses, but does also contain two drug offenses and one misdemeanor theft offense. He concludes that all the above shows that he is remorseful, and given his age and no prior history of criminal sex crimes, there is no likelihood of recidivism.

{¶13} The trial court's order issuing a seven year sentence for a first-degree felony and a five year sentence for a second-degree felony was in the middle of the range allowable by law. R.C. 2929.14(A)(1) (first-degree felony range is three, four, five, six, seven, eight, nine, ten or eleven years); R.C. 2929.14(A)(2) (second-degree felony range is two, three, four, five, six, seven, or eight years). While admittedly,

there is not a lengthy criminal history in this case, there are factors that justify this non-minimum, non-maximum sentence. The victim here was only 13 years old and Morgan was left in charge of her and his two nieces. Given the situation, it was not necessary to find overt force given his function as a babysitter. Thus, the victim's age and Morgan's position justify a more than minimum sentence. Furthermore, Morgan's statements at sentencing do not clearly show remorse. It is difficult to show remorse when one is maintaining the occurrence did not happen. That said, Morgan is given credit for indicating that he understands why the matter needed to be looked into; he did show cooperation. Therefore, given all of the facts, the aggregate sentence of seven years was not an abuse of discretion.

{¶14} Morgan's second argument under this assignment of error is that ordering him to a more than minimum sentence creates an unnecessary burden on the state. R.C. 2929.11(A) indicates that in determining the sentence, the court should accomplish the purpose of felony sentencing, which is to protect the public, but that this purpose should be achieved without imposing an unnecessary burden on state or local government resources. We have previously explained that what constitutes a "burden" on state resources is undefined by the statute. *State v. Goins,* 7th Dist. No. 06MA131, 2008-Ohio-1170, at ¶ 35, citing *State v. Vlahopoulos,* 154 Ohio App.3d 450, 2003-Ohio-5070, 797 N.E.2d 580, at ¶ 5. However, "the plain language suggests that the costs, both economic and societal, should not outweigh the benefit that the people of the state derive from an offender's incarceration." *Goins* quoting *Vlahopoulos.* In addition, "a sentencing court need not elevate resource conservation above the principles and purposes of sentencing. * * * The relevant premise in R.C. 2929.13(A) entails weighing the cost to the government with the benefit that society derives from an offender's incarceration." *State v. Ballard,* 7th Dist. No. 08CO13, 2009-Ohio-5472, at ¶ 92. Further, the trial court is not required to make findings pursuant to R.C 2929.13(A). *Id.* at ¶ 91; *State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990, ¶ 20 (7th Dist.).

{¶15} Here, there is no indication in the record that a non-minimum, non-maximum sentence unduly burdens government resources. Rape and attempted rape of a 13 year old is a serious crime that can be justified by the term given. Society

derives a benefit from assuring that the offender will not be free to reoffend.  As the *Vlahopoulos* court stated, "Many people sleep better at night knowing that certain offenders are incarcerated.  They would no doubt consider a lengthy incarceration worth the cost of housing those offenders."  *Vlahopoulos,* 154 Ohio App.3d 450, 2003-Ohio-5070, 797 N.E.2d 580, ¶ 5, abrogated on other grounds by *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, paragraph one of the syllabus.

{¶16}  Therefore, considering all the above, we conclude that the trial court did not abuse its discretion in ordering an aggregate sentence of seven years.  This assignment of error is without merit.

Second Assignment of Error

{¶17}  "The trial court's 'Judgment Entry and Notice of Duties to Register as a Sex Offender or a Child Victim Offender' did not comply with the requirements of law (ORC §2950.03)."

{¶18}  The argument presented under this assignment of error is that the sentencing judgment entry fails to conform with R.C. 2929.19(B)(3).

{¶19}  This statute provides:

> (3)(a)  The court shall include in the offender's sentence a statement that the offender is a tier III sex offender/child-victim offender, and the court shall comply with the requirements of section 2950.03 of the Revised Code if any of the following apply:

> (ii)  The offender is being sentenced for a sexually oriented offense that the offender committed on or after January 1, 1997, and the offender is a tier III sex offender/child-victim offender relative to that offense.

R.C. 2929.19(B)(3)(ii) (current version that became effective September 2012, this provision was (B)(4)(ii) in the prior version).

{¶20}  In reviewing section (B)(4)(ii) of the prior version of this statute, we held that an oral advisement of the tier classification cannot satisfy the mandates in R.C. 2929.19(B)(4).  *Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990, ¶ 2, 29.  We determined that the language of R.C. 2929.19(B)(4) requires the tier classification to be contained in the sentencing judgment entry.  *Id.*  Although that decision was based on the prior version of statute, the holding is still applicable to the

current version because the requirements in (B)(4) under the prior version of R.C. 2929.19 are now found verbatim in section (B)(3) of the current version of that statute. Furthermore, it is noted that our sister courts have recently applied our *Kase* decision to the current version of R.C. 2929.19. *State v. Dalton*, 8th Dist. No. 99661, 2013-Ohio-5127, ¶ 10-12; *State v. Straley*, Ohio 4th Dist. No. 12CA3, 2013-Ohio-3334, ¶ 17 (applying section (B)(3) and noting that it's the same statute formerly R.C. 2929.19(B)(4)(a) in the referenced cases); *State v. Baker*, 4th Dist. No. 11CA5, 2012-Ohio-1085, ¶ 14.

{¶21} Here, there is no dispute that rape constitutes a Tier III offense. Furthermore, there is no dispute that at the sentencing hearing Morgan was advised that he was being classified as a Tier III sex offender and was advised of the registration requirements that follow that designation. 07/11/13 Sentencing Tr. 12-14. The colloquy clearly indicates that he understood the notification as advised to him and the record also reflects that a brief recess was held so that counsel could go over the notice requirements with him prior to the colloquy. 07/11/13 Sentencing Tr. 12. Thus, there is no dispute that he was being correctly classified as a Tier III sex offender.

{¶22} That said, as discussed above, the statute requires the sentencing entry to contain the offender classification. The potential problem in this case is that the sentencing entry does not clearly indicate under which tier he was being classified.

{¶23} The sentencing judgment entry consists of two parts. The first entry is titled "Judgment Entry of Sentence." This entry enters the aggregate seven year sentence and contains an indication that the trial court considered the appropriate statutes in deriving this sentence. This entry does not contain a sexual offender classification. The second part is the Notice Judgment Entry. In the Judgment Entry of Sentence, the trial court indicates that the Notice Judgment Entry is incorporated into the Judgment Entry of Sentence. This Notice Judgment Entry has both the Tier I sex offender or child-victim offender and the Tier III sex offender or child-victim offender categories marked.

{¶24} This entry marks both the Tier I classification and Tier III classification in two separate places. On the first page, the box for Tier I sex offender is marked with

an "x" and the box for Tier III sex offender is marked with an "x" and circled. On the third page of the entry, Tier I is marked with an "x." However, there is a scribble on top of that "x." On that same page, Tier III is marked with a bold "x" and circled.

{¶25} The state maintains that this entry is correct in marking both tiers because Morgan was convicted of two crimes and according to it, those crimes carried different classifications. The state indicates that attempted rape requires a Tier I classification and rape requires a Tier III classification. It states that the higher classification, Tier III, is the only one he is subject to upon release.

{¶26} The state is incorrect in its position that the two convictions carry different classifications. Both convictions required a Tier III classification. Morgan was found guilty of rape in violation of R.C. 2907.02 and attempted rape in violation of R.C. 2923.02 and R.C. 2907.02. The offender classification statute provides:

> (G) "Tier III sex offender/child-victim offender" means any of the following:
>
> (1) A sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses:
>
> (a) A violation of section 2907.02 * * *
>
> (i) Any attempt to commit, conspiracy to commit, or complicity in committing any offense listed in division (G)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section.

R.C. 2950.01(G)(1)(a), (i).

{¶27} Thus, his convictions for attempted rape and rape both required a Tier III classification.

{¶28} Potentially one could argue that the Tier III classification that is marked with an "x" and circled, as opposed to just being marked with an "x", is a denotation that that is the correct classification. However, we do not find that argument persuasive. The Notice Judgment Entry standing alone is confusing as to whether Morgan is being labeled a Tier I or Tier III offender. Furthermore, a review of this Notice Judgment Entry shows that there are other problems with this Notice Judgment Entry; it was not completely filled out.

{¶29} On the fourth page of this entry, there are two acknowledgments to choose from. These two acknowledgements read:

___ Defendant has reviewed this written document with counsel and certifies that he understands its contents. Defendant waives verbal explanation of these duties by the Court.

___ The Court has specifically informed the defendant of his/her duties pursuant to O.R.C. 2950.04 as set forth above, and the Defendant has indicated to the Court an understanding of those duties. 08/05/13 Notice Judgment Entry.

{¶30} Neither acknowledgment was marked on Morgan's Notice Judgment Entry.

{¶31} Furthermore, below these acknowledgements is a line to date it, a line for the defendant to sign it, and an optional line for defense counsel/witness to sign it. Both Morgan and defense counsel signed, however, the date line was left blank.

{¶32} Below that portion is a signature and date lines for the judge. Despite the above deficiencies, these two lines were utilized and completed.

{¶33} Consequently, in addition to the tier classification issue, the acknowledgement portion of this entry was not filled out completely. These deficiencies compound and require the reversal of the sexual offender classification. This assignment of error has merit.

Conclusion

{¶34} For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part and remanded. The aggregate sentence of seven years was not an abuse of discretion and did not place an unnecessary burden on the state, thus that portion of the decision is affirmed. However, as to the sexual offender classification, the matter is reversed and remanded for further proceedings. Upon remand, the trial court can correctly complete its "Judgment Entry and Notice of Duties to Register as a Sex Offender or Child Victim Offender" and reincorporate that completed entry into the sentencing entry. Depending on the boxes marked on that form, a hearing may be required. Or, since the trial court did make tier classification and notification advisements at the sentencing hearing, it may amend its Judgment Entry of Sentence

to accurately reflect Morgan's Tier III classification. *Dalton*, 8th Dist. No. 99661, 2013-Ohio-5127, ¶ 12 (Where trial court has orally adjudicated the offender under the right tier and has reiterated the duties as a sex offender, the failure to include the correct sex offender classification in judgment entry requires a remand to the trial court to correct its entry.).

Donofrio, J., concurs.
DeGenaro, P.J., concurs.