[Cite as *State v. Halsey*, 2015-Ohio-3405.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.  CA2014-10-211 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 8/24/2015 |
| - vs - | | |
| | : | |
| WILLIAM D. HALSEY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2009-03-0526


Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. Kasten, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Repper, Pagan, Cook Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for defendant-appellant


**M. POWELL, P.J.**

{¶ 1}  Defendant-appellant, William Halsey, appeals a decision of the Butler County Court of Common Pleas denying his motion to vacate his Tier III sex offender classification.

{¶ 2}  Appellant was indicted in 2009 on one count of rape.  Subsequently, pursuant to a plea bargain agreement, appellant pled guilty to one count of sexual battery in violation of R.C. 2907.03(A)(1).  A sentencing hearing was held in October 2009.  During the

sentencing hearing, the trial court informed appellant he would be classified as a Tier III sex offender and required to register every 90 days for the rest of his life. Appellant indicated he understood. The transcript of the sentencing hearing also indicates that the trial court had appellant complete and sign a written form entitled "Explanation of Duties to Register as a Sex Offender or Child Victim Offender on or after January 1, 2008." However, the trial court failed to file the form with the clerk of courts and the form is not in the record on appeal. The state concedes it did not locate the form.

{¶ 3} By judgment of conviction entry filed on October 29, 2009, the trial court sentenced appellant to three years of community control. However, the sentencing entry failed to state that appellant is a Tier III sex offender and is in fact silent with regard to appellant's sex offender classification. A document listing appellant's general probation conditions was filed with the clerk of courts. That document is likewise silent about appellant's Tier III sex offender classification.

{¶ 4} Appellant subsequently violated the terms of his community control but was continued on community control. The violation was unrelated to appellant's sex offender classification. Appellant eventually successfully completed the terms of his community control and on February 28, 2012, the trial court filed an entry terminating his case. Nonetheless, the Butler County Sheriff's Department continued to enforce the Tier III sex offender registration and reporting requirements upon appellant as it had done since the October 29, 2009 sentencing entry.

{¶ 5} On September 15, 2014, appellant moved the trial court to vacate his Tier III sex offender classification. Appellant argued his Tier III sex offender classification was void because the sentencing entry did not include a statement he was a Tier III sex offender as mandated in R.C. 2929.19(B)(3). Appellant further argued that because appellant's case was terminated in 2012, the trial court lacked jurisdiction to "resentence" appellant as a Tier III

sex offender. During a hearing on the motion, the state argued that the sentencing entry could be corrected through a nunc pro tunc entry as appellant was properly notified of his classification during the sentencing hearing. On October 15, 2014, the trial court summarily denied appellant's motion.

{¶ 6} Appellant appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO FIND HIS TIER III SANCTION VOID.

{¶ 8} Appellant argues the trial court erred in denying his motion to vacate his Tier III sex offender classification because it is void due to its omission in the sentencing entry in violation of the mandate of R.C. 2929.19(B)(3). Appellant further claims he is not subject to resentencing because his case was terminated in 2012.

{¶ 9} Appellant was convicted of sexual battery and thus, was a Tier III sex offender pursuant to R.C. 2950.01(G)(1)(a). As a result, the trial court was required to provide notice to appellant of his Tier III sex offender classification "at the time of sentencing." R.C. 2929.19(B)(3)(a)(ii), 2950.03(A)(2). In the case at bar, the trial court provided notice of appellant's Tier III sex offender classification during the sentencing hearing in compliance with R.C. 2929.19(B)(3)(a)(ii) and 2950.03(A)(2).

{¶ 10} The trial court was also required to "include in the offender's sentence a statement that the offender is a Tier III sex offender." R.C. 2929.19(B)(3)(a)(ii). Ohio appellate courts have interpreted the statute to mean that such statement must be included in the sentencing entry. *See, e.g., State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688 (7th Dist.). As stated above, the October 29, 2009 sentencing entry wholly omits appellant's Tier III sex offender classification in violation of R.C. 2929.19(B)(3)(a)(ii).

{¶ 11} In *Kase*, the defendant was convicted of rape, a Tier III sex offense, and sentenced to life in prison. The trial court properly advised the defendant of his Tier III sex

offender classification and the duties arising from that classification during the sentencing hearing. However, the trial court failed to include the required statement that Kase was a Tier III sex offender in either the original or amended sentencing entry. As a result, the Seventh Appellate District held that the sentencing entry was "deficient." *Kase* at ¶ 29. The appellate court reversed the sentence and remanded the case to the trial court for resentencing. *Id.* at ¶ 36.

{¶ 12} In a similar case, the Fourth Appellate District held that

> Although the trial court properly notified [Baker] about his sex-offender classification and corresponding duties during the sentencing hearing, the trial court's sentencing entry is deficient in that it failed to include a statement that [Baker] is a tier III sex offender * * * pursuant to R.C. 2929.19(B)(4)(a)(ii). Accordingly, this matter is remanded to the trial court for re-sentencing.

*State v. Baker*, 4th Dist. Highland No. 11CA5, 2012-Ohio-1085, ¶ 14.[1] (Baker was convicted of sexual battery and sentenced to four years in prison). *See also State v. Dalton*, 8th Dist. Cuyahoga No. 99661, 2013-Ohio-5127 (reversing Dalton's sentence and remanding the case to the trial court "to correct its sentencing entry to accurately reflect Dalton's classification as a Tier III sex offender." The appellate court found that while the trial court properly notified Dalton of his sex offender classification at the sentencing hearing, the sentencing entry failed to state that Dalton, who was convicted of sexual battery and sentenced to seven years in prison, was a Tier III sex offender).

{¶ 13} The state cites *Kase*, *Baker*, and *Dalton* in support of its argument that appellant's sentencing entry is subject to correction to include the imposition of the Tier III sex offender classification. However, this is not the issue before us. The state never moved the trial court to correct the omission of the Tier III sex offender classification from the

---

1. R.C. 2929.19(B)(3)(a) is the current version of the statute that became effective in September 2012. The prior version of the statute was R.C. 2929.19(B)(4)(a). *See State v. Morgan*, 7th Dist. Mahoning No. 13 MA 126, 2014-Ohio-2625.

sentencing entry. The trial court did not sua sponte journalize a nunc pro tunc entry correcting the omission of the Tier III sex offender classification. Rather, the trial court simply denied appellant's motion to vacate the classification. Therefore, we need not address whether appellant is now subject to resentencing and whether it is proper to correct the sentencing entry to include the imposition of the Tier III sex offender classification. Rather, we only address whether the trial court properly denied appellant's motion to vacate.

{¶ 14} It is well-established that a court speaks only through its journal entries and not by oral pronouncement or through decisions. *State v. Smith*, 12th Dist. Butler No. CA2009-02-038, 2010-Ohio-1721, ¶ 59; *State v. Coyle*, 12th Dist. Clermont No. CA97-02-014, 1997 WL 632836, *2 (Oct. 13, 1997) (a court speaks only through its journal entries, and a pronouncement of sentence does not become the official action of the court unless and until it is entered upon the court's journal). Here, the October 29, 2009 sentencing entry makes no mention of appellant's Tier III sex offender classification. As a result, the trial court did not err in denying appellant's motion to vacate his Tier III sex offender classification as there was nothing for the trial court to vacate.

{¶ 15} Appellant's assignment of error is overruled.

{¶ 16} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.