[Cite as *State v. Hathaway*, 2017-Ohio-6925.]

STATE OF OHIO      )              IN THE COURT OF APPEALS
                  )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE   )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 16AP0004 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW J. HATHAWAY, JR. | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2015 CRC-I 000192 |

DECISION AND JOURNAL ENTRY

Dated: July 24, 2017

CARR, Judge.

{¶1}   Appellant, Matthew Hathaway, appeals the judgment of the Wayne County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}   On June 19, 2015, the Wayne County Grand Jury charged Hathaway with three counts of sexual battery.  The charges stemmed from the fact that Hathaway engaged in sexual conduct with a 17-year old student at a high school where he was employed as an assistant principal.  After initially pleading not guilty to the charges at arraignment, Hathaway eventually pleaded guilty to one count of sexual battery.  The remaining two counts in the indictment were dismissed.  The trial court imposed a 24-month period of community control along with a 180-day jail sentence.  Hathaway was also ordered to perform 100 hours of community service.

{¶3}   On appeal, Hathaway raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE OFFENSE-BASED SEX OFFENDER CLASSIFICATIONS UNDER SENATE BILL 10 CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER [THE] EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION, WHERE THE CLASSIFICATION IS GROSSLY DISPROPORTIONATE TO THE NATURE OF THE OFFENSE AND CHARACTER OF THE OFFENDER.

**{¶4}** In his sole assignment of error, Hathaway argues that his classification as a Tier III sex offender constitutes cruel and unusual punishment in violation of the United States Constitution and the Ohio Constitution. We are unable to address the merits of Hathaway's assignment of error due to a deficiency in the sentencing entry.

**{¶5}** As noted above, Hathaway was convicted of sexual battery in violation of R.C. 2907.03(A)(7). As a result of his conviction, Hathaway is a Tier III sex offender pursuant to R.C. 2950.01(G)(1)(a). The Tier III sex offender classification is mandatory for any offender convicted of sexual battery in violation of R.C. 2907.03. *See State v. Ritchey*, 3d Dist. Allen No. 1-15-80, 2016-Ohio-2878, ¶ 28. Thus, the trial court was required to provide notice to Hathaway of his Tier III sex offender classification at the time of sentencing. R.C. 2929.19(B)(3)(a)(ii); R.C. 2950.03(A)(2). There is no dispute between the parties that the trial court classified Hathaway as a Tier III sex offender. Significantly, however, the December 17, 2015 sentencing entry is devoid of any reference to Hathaway's sex offender classification, other than to note that he "must follow the sex offender special rules which the Adult Probation Department believes are necessary." While the parties do not dispute that the trial court classified Hathaway as a Tier III sex offender at the time of sentencing, Hathaway failed to include a transcript from the

sentencing hearing in the appellate record.[1]  Even if we had the benefit of a sentencing transcript, a trial court's oral advisement of a Tier III sex offender classification at the sentencing hearing does not satisfy the mandates of R.C. 2929.19(B)(3).  *State v. Morgan*, 7th Dist. Mahoning No. 13 MA 126, 2014-Ohio-2625, ¶ 20; *State v. Straley*, 4th Dist. Highland No. 12CA3, 2013-Ohio-3334, ¶ 17; *State v. Dalton*, 8th Dist. Cuyahoga No. 99661, 2013-Ohio-5127, ¶ 12.  Under these circumstances, where the trial court failed to include Hathaway's Tier III sex offender classification in the sentencing entry, we are compelled to conclude that the sentencing entry is deficient.  This matter must be remanded for the trial court to comply with the mandates of R.C. 2929.19(B)(3).  *Dalton* at ¶ 12.

{¶6}  We cannot reach the merits of Hathaway's assignment of error at this time as this matter must be remanded due to the fact that the trial court failed to satisfy the requirements of R.C. 2929.19(B)(3).

III.

{¶7}  We cannot reach the merits of Hathaway's assignment of error due to the error pertaining to Hathaway's sex offender classification.  The judgment of the Wayne County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

---

[1] Because we do not have the benefit of a sentencing transcript, we cannot make a determination regarding whether the trial court adequately notified Hathway of his Tier III sex offender status at the hearing.  *See generally State v. Halsey,* 12th Dist. Butler No. CA2016-01-001, 2016-Ohio-7990, ¶ 16, citing *State v. Morgan*, 7th Dist. Mahoning No. 13 MA 126, 2014-Ohio-2625 (acknowledging that a trial court may issue a nunc pro tunc entry to correct a clerical error in the sentencing entry when the offender was properly notified of his sex offender classification status at the sentencing hearing and the offender has not completed his sentence).

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

BRYAN K. BARNARD and DAVID C. KNOWLTON, Attorneys at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.