[Cite as *State v. Holdcraft*, 2026-Ohio-61.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

DAVID L. HOLDCRAFT,

    DEFENDANT-APPELLANT.

CASE NO. 3-25-10

OPINION AND
JUDGMENT ENTRY

Appeal from Crawford County Common Pleas Court
Trial Court No. 24-CR-0045

Judgment Reversed and Cause Remanded

Date of Decision:  January 12, 2026

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, David L. Holdcraft ("Holdcraft"), appeals the April 17, 2025 judgment entry of sentence of the Crawford County Court of Common Pleas. For the reasons that follow, we reverse.

{¶2} On February 27, 2024, the Crawford County Grand Jury indicted Holdcraft on Counts One, Two, and Three of rape in violation of R.C. 2907.02(A)(1)(b), (B), first-degree felonies, and Count Four of gross sexual imposition in violation of R.C. 2907.05(A)(4), (C)(2), a third-degree felony. On March 12, 2024, Holdcraft appeared for arraignment and pleaded not guilty to the indictment.

{¶3} On March 3, 2025, Holdcraft withdrew his pleas of not guilty and entered guilty pleas, under a negotiated plea agreement, to Counts One, Two, and Three. In exchange for his change of pleas, the State agreed to dismiss Count Four and an indictment in another case. The trial court accepted Holdcraft's guilty pleas, found him guilty, dismissed Count Four, and ordered a pre-sentence investigation ("PSI").

{¶4} On April 16, 2025, the trial court sentenced Holdcraft to life in prison without the possibility of parole as to each count.[1] The court ordered the terms to

---

[1] The trial court filed its judgment entry of sentence on April 17, 2025.

run concurrently to each other, and concurrently to his sentence in a federal case. The trial court also classified Holdcraft as a Tier III sex offender.

{¶5} On May 6, 2025, Holdcraft filed his notice of appeal. He raises one assignment of error for our review.

### Assignment of Error

**The trial court violated R.C. 2929.19 & R.C. 2950.03 by failing to provide notification of appellant's sex offender registration requirements at sentencing even though appellant was sentenced to life without parole.**

{¶6} In his sole assignment of error, Holdcraft argues that the trial court committed reversible error by failing to comply with the mandatory statutory requirements of R.C. 2929.19 and R.C. 2950.03. Specifically, he contends that Ohio law expressly requires the sentencing court to provide formal notification of sex offender registration duties, even where the defendant is sentenced to life in prison without parole. The State concedes the error.

### *Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a

firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶8}** R.C. 2929.19(B)(3)(a) provides, in its relevant part, that "[t]he court shall include in the offender's sentence a statement that the offender is a tier III sex offender/child-victim offender, and the court shall comply with the requirements of section 2950.03 of the Revised Code if . . . [t]he offender is sentenced to a term of life without parole under division (B) of section 2907.02 of the Revised Code." R.C. R.C. 2929.19(B)(3)(a)(v). In this case, Holdcraft was sentenced to three concurrent terms of life without parole under R.C. 2907.02(B). The trial court complied with the first part of the statute by classifying Holdcraft as a Tier III sex offender at sentencing and in the sentencing entry. *See State v. Kase*, 2010-Ohio-2688, ¶ 23 (7th Dist.).

**{¶9}** However, the trial court failed to comply with the concurrent mandate to satisfy the requirements of R.C. 2950.03. Importantly, R.C. 2950.03 *requires* the trial court to provide the mandatory notification of sex offender registration duties "at the time of sentencing." R.C. 2950.03(A)(2). At Holdcraft's sentencing hearing, the trial court classified Holdcraft as a Tier III sex offender but then explicitly stated that "[t]here's no reason to go through the reporting requirements . . . at this particular time." (April 16, 2025 Tr. at 37). Because the court failed to provide the mandatory R.C. 2950.03 notification at the time of sentencing as expressly required

by statute, and because R.C. 2929.19 contains no exception for a sentence of life without parole, Holdcraft's sentence is contrary to law. *See State v. Hathaway*, 2017-Ohio-6925, ¶ 5 (9th Dist.).

{¶10} Therefore, Holdcraft's assignment of error is sustained.

{¶11} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed*
*and Cause Remanded*

**WALDICK and WILLAMOWSKI, J.J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

William R. Zimmerman, Judge

Juergen A. Waldick, Judge

John R. Willamowski, Judge

DATED:
/hls